THE DETROIT FREE PRESS COMPANY v. ALBERT W. BAGG.

*Commencement of suit—Statute of limitations—Affidavit of personal service—Evidence.*

1. A suit commenced by declaration, under How. Stat. § 7291, cannot be considered as *duly commenced* until a copy of the declaration with notice of the rule to plead is personally served upon the defendant.

2. The affidavit of a private person, showing personal service of a declaration as commencement of suit, is open to contradiction by the defendant, who may show that no such service was made.

Error to Wayne. (Hosmer, J.) Argued November 6, 1889. Decided December 28, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Edward A. Gott,* for appellant.

*Edward E. Kane,* for plaintiff.

MORSE, J. This action was commenced in the circuit court for the county of Wayne on November 30, 1886, by filing a declaration on the common counts in *assumpsit.* January 5, 1887, a bill of particulars was filed of various items claimed by plaintiff, commencing of date January 29, 1873, and ending July 31, same year. The defendant pleaded the general issue, and gave notice of the statute of limitations as a defense.

Upon the trial it was admitted that the merchandise set forth in plaintiff's bill of particulars was had by the defendant at the dates thereof, and was worth the several amounts charged therefor, and that the same, with interest, amounted to $416.53. The plaintiff also introduced evidence tending to show that defendant had promised to pay for the goods, but such promises were made before February 9, 1878. When the debt was contracted the defendant was a minor. He became of age May 11, 1874, between which time and February 9, 1878, the alleged promises to pay were made.

It was insisted by the defense that upon this showing the debt was outlawed at the time of the commencement of this suit. To rebut this claim the plaintiff introduced in evidence the files and records of the superior court of Detroit in the case of *The Detroit Free Press Company v. Albert W. Bagg.* From these it appeared that suit was brought for the value of the same goods mentioned in the bill of particulars in this case by filing of declaration, February 9, 1878. Such declaration showed upon its back, by the affidavit of John C. Mundy, ser-

vice, upon February 11, 1878, on said Albert W. Bagg, of the declaration and rule to plead. The defendant was defaulted, and judgment entered against him in said cause, September 24, 1880, for the sum of $357 damages, and $22.25 costs of suit. July 1, 1886, Bagg moved to set aside this judgment on the following grounds:

" 1. That suit was begun by a declaration in which there was no allegation of the residence of either party to the suit in the city of Detroit, or elsewhere, nor any averment showing any jurisdiction over the person of either party, and therefore the court had no jurisdiction to render the judgment.

" 2. Defendant was never served with a copy of the *narr.*, or copy of the rule to plead; and the defendant never appeared in said action, and did not reside in Detroit.

" 3. Substitution of Mr. Kane in place of Mr. Hibbard as plaintiff's attorney, without notice to defendant, and judgment on default taken by such substituted attorney."

In support of this motion, defendant filed an affidavit wherein, among other things, he averred the facts set up as the ground of the motion. The motion was denied by the superior court, and subsequently, November 10, 1886, on *mandamus,* the Supreme Court directed the judge of the superior court to vacate and set aside the judgment. No opinion was filed in the case; but the Chief Justice, in reply to an inquiry of plaintiff's counsel, wrote:

" In *Bagg's Case,* we ordered the *mandamus* on the ground that Mr. Bagg's affidavit was not answered, and made out a sufficient case." .

Defendant testified that he had never promised to pay the debt since he became of age. The circuit judge submitted the case to the jury upon the single question whether the defendant, since arriving at his majority, had promised to pay the debt, and thus ratified it. The jury found for the plaintiff in the sum of $416.53. Judgment was entered accordingly.

The only point in issue here is whether this case falls within the provisions of section 8723, How. Stat. The debt was outlawed at the time of the commencement of this suit, unless this statute saves it. This statute provides that, in the case of an action duly commenced within the time limited by the statutes of limitation, if the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any fault or neglect of the officer to whom it is committed, or if the writ be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein.

The counsel for the defendant contends, first, that the suit was never "duly commenced" in the superior court, for the reason that there was never any personal service on the defendant of a copy of the declaration and rule to plead. The return of personal service not being made by an officer, but by a private person, his affidavit of such service is open to contradiction by the defendant, and he is at liberty to show that no such service was made upon him.

The question then arises, when is a suit commenced by declaration? Is the filing and entering of a rule to plead a commencement of the suit, or must there also be a service of the same before the suit is duly commenced? The statute authorizing the commencement of suits by declaration reads as follows:

"Actions brought for the recovery of any debt, or for damages only, may be commenced either—

"1. By original writ, or

"2. By filing in the office of one of the clerks of the court a declaration, entering a rule in the minutes kept by such clerk requiring the defendant to plead to such declaration within twenty days after service of a copy thereof and notice of such rule, and *serving* a copy of such declaration and notice of such rule personally on the defendant." How. Stat. § 7291.

Under this statute, we are all agreed that the contention of defendant is correct, and that service must be had personally before the suit can be considered as "duly commenced." As there was no serious contention that there was ever any such service upon Bagg, the circuit judge should have directed a verdict for the defendant. There is no necessity of examining any other questions in the case.

The judgment is reversed and a new trial granted, with costs of both courts to defendant.

The other Justices concurred.