BOYLE v. CITY OF DETROIT.

1. LIMITATION OF ACTIONS—COMMENCEMENT OF SUIT—SUFFICIENCY —SERVICE OF PROCESS—ACTION AGAINST CITY.

Filing a declaration against the city of Detroit and entering rule to plead followed by service of a copy of the declaration upon the chief clerk in the office of the corporation counsel of the city is ineffectual as commencement of suit, nor is proper service of the declaration upon the city clerk, the proper officer, after the period of limitations has run, effectual, since suit is not commenced until there is a proper service of the declaration.

2. JUDGMENT—DEFAULT—VOID SERVICE.

A defendant cannot be defaulted upon a void service of summons.

Error to Wayne; Hosmer, J. Submitted January 23, 1908. (Docket No. 134.) Decided April 1, 1908.

Case by Catherine Boyle against the city of Detroit for personal injuries. There was judgment for defendant on

a verdict directed by the court, and plaintiff brings error. Affirmed.

*John Galloway* and *Lehman & Riggs*, for appellant.

*J. Walter Dohany* ( *Timothy E. Tarsney*, of counsel ), for appellee.

Plaintiff claims to have been injured March 20, 1902, upon a defective sidewalk in the defendant city. On April 15, 1902, she presented a petition to the common council stating her claim and asking for an investigation. Her petition was referred to the committee on claims and accounts. She neither presented nor served any other paper. The charter requirements for serving notice in writing upon the head of the law department or upon his chief assistant were ignored.

In obedience to her request the secretary of the common council committees notified her that they would give her a hearing on July 7th at 2:30 p. m. She appeared before the committee but neither the head of the law department nor his chief assistant appeared. A subordinate assistant did appear. Her claim was rejected. On September 11, 1902, she filed in the office of the county clerk a declaration and entered a rule to plead as commencement of suit. The declaration was served upon the chief clerk in the office of the corporation counsel. No appearance or plea was entered.

On May 16, 1903, plaintiff caused the declaration to be served upon the city clerk, the proper officer upon whom to make service. Defendant then appeared, pleaded the general issue, giving notice that the action was not brought within a year from the time of the injury complained of, and that no notice was served upon the head of the law department or his chief assistant.

The court directed a verdict for the defendant.

GRANT, C. J. ( *after stating the facts*). The service of the declaration upon a clerk in the office of the corpora-

tion counsel was a nullity. No suit was commenced until there was a proper service of the declaration. *Detroit Free Press Co.* v. *Bagg*, 78 Mich. 650.

It is claimed that a default of the city was entered on April 27, 1903, for nonappearance under the service which was made on Mr. Guinness. A defendant cannot be defaulted upon a void service of summons. *Ellis* v. *Fletcher*, 40 Mich. 321; *South Bend Chilled Plow Co.* v. *Manahan*, 62 Mich. 143.

The statute describing the prerequisites to bringing suits of this character against the city of Detroit is so plain that the lawyer or layman "who runs may read." Noncompliance with the statute is inexcusable. The sole ground upon which plaintiff now seeks to maintain her suit is that the defendant waived these wise provisions of the statute.

Extended discussion is unnecessery. The case is ruled by *Holtham* v. *City of Detroit*, 136 Mich. 17, against the plaintiff's contention. See also *Klass* v. *City of Detroit*, 129 Mich. 35.

Judgment affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.