CHRISTE *v.* SPRINGFIELD FIRE & MARINE INSURANCE CO.

1. COMMENCEMENT OF SUIT—FILING DECLARATION—SERVICE—STATUTE—LEGISLATIVE INTENT.

Under the judicature act (3 Comp. Laws 1915, § 12407) suits may be commenced by simply filing the declaration with indorsed notice thereon; it being the evident intention of the legislature to change the former rule requiring service by omitting any reference whatever thereto.

2. INSURANCE—FIRE INSURANCE—LIMITATION OF ACTIONS—SERVICE.

Where a fire insurance policy limited the commencement of an action thereon to 12 months next after the fire, and the declaration with rule to plead attached was filed five days before the expiration of said time limit, but was not served until four days after its expiration, *held*, that the action was commenced within the time limited in the policy.

Error to Wayne; Webster (Arthur), J.   Submitted June 11, 1919.   (Docket No. 36.)   Decided July 17, 1919.

Assumpsit by Elmer H. Christe against the Springfield Fire & Marine Insurance Company on a policy of insurance.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Frederick J. Ward,* for appellant.

*William Friedman,* for appellee.

BROOKE, J.   This is an action on a fire insurance policy.   It was tried by the circuit judge without a jury under a stipulated statement of fact and a judgment was rendered in favor of the plaintiff which defendant here reviews.   The policy contained the following provision:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve (12) months next after the fire."

The fire occurred on September 15, 1916.   Suit was thereafter commenced by declaration with rule to plead attached.   The declaration was filed on September 10, 1917.   It was served by a deputy sheriff of Ingham county on the insurance commissioner of the state on September 19, 1917.   It is therefore apparent that the declaration was filed five days before the expiration of the year, but served four days after the expiration of the year limited by the terms of the policy.   The sole question presented on this record is whether the learned circuit judge was right in holding that the suit was commenced within one year in accordance with the terms of the policy.

Section 9985 of the Compiled Laws of 1897 as amended by Act No. 168, Pub. Acts 1899, and Act No. 76, Pub. Acts 1905, provided:

"Actions brought for the recovery of any debt, or for damages only, may be commenced, either:

"1. By original writ; or, ·

"2. By filing in the office of one of the clerks of the court a declaration, to which is attached, or upon which is indorsed, a rule requiring the defendant to plead to such declaration within fifteen days after the service of a copy thereof and notice of such rule, and serving a copy of such declaration, and notice of such rule personally on the defendant." * * *

Under the provisions of this statute this court held in several cases that inasmuch as the statute provided for serving a copy of the declaration, suit was not commenced until such service was had. *Detroit Free Press Co.* v. *Bagg*, 78 Mich. 650; *Cofrode* v. *Wayne Circuit Judge*, 79 Mich. 332 (7 L. R. A. 511); *Wilton* v. *City of Detroit*, 138 Mich. 67; and *Boyle* v. *City of Detroit*, 152 Mich. 248.

In 1915, the so-called judicature act was passed. Section 12407, 3 Comp. Laws 1915, a part thereof, provides as follows:

"All actions at law in any court of record, except mandamus, quo warranto, and certiorari, may be commenced either,

"1. By original writ; or

"2. By filing in the office of one of the clerks of the court, a declaration upon which is indorsed a notice in substantially the following form:

"To........................Defendant:

"You are hereby notified that a suit has been commenced against you as defendant by.............., as plaintiff, and that the within is a true copy of plaintiff's declaration in said cause, and that if you desire to defend the same, you are required to plead thereto within fifteen days after service upon you of a copy of said declaration.

"Dated........................
    "........................,
        "Attorney for plaintiff."

It will be noted that in this statute there is no reference whatever to service. The framers of the new

act undoubtedly had the old one before them and the omission of the provision for service of the declaration as a part of the necessary procedure in commencement of actions, it appears to us is significant. We are of opinion that it was the legislative intention to change the rule as to the commencement of suits by declaration and by the enactment of the above quoted section provide that said suits might be *commenced* simply by filing the declaration with the indorsed notice thereon.

Judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.