PEOPLE'S MORTGAGE CORPORATION *v.* WILTON.

1. FRAUDULENT CONVEYANCES — JUDGMENT CREDITORS — LAND CON-
   TRACTS—ASSIGNMENTS—BILL IN AID OF EXECUTION.
   A bill by a judgment creditor to set aside as fraudulent
     an assignment of a land contract by a judgment debtor,
     and to redeem from foreclosure by the vendors is, in
     effect, a bill in aid of execution, and is maintainable, if
     the facts support its allegations, under 3 Comp. Laws
     1915, § 12897, as amended by Act No. 215, Pub. Acts 1917.[1]

2. EQUITY—PRAYER FOR GENERAL RELIEF—JUDGMENT.
   In a suit where there is a prayer for general relief, the
     court may grant such relief as the facts stated in the bill
     and sustained by the proofs justify, although the plaintiff
     is not entitled to all the relief asked for.[2]

3. ACTION—COMMENCEMENT OF SUIT—PROCESS.
   A suit to set aside as fraudulent the assignment of a
     land contract and to redeem from foreclosure by the
     vendors was commenced when the summons was in good
     faith placed in the hands of an officer for service, or when
     given to plaintiff's attorney.[3]

4. FRAUDULENT CONVEYANCES—EVIDENCE.
   In such suit, plaintiff was not required, as against the
     vendors, to go further in his proof in the case against
     the purchaser than was required against the purchaser
     alone, as the issues of the plaintiff with the purchaser do
     not concern the vendor, nor do the issues of the plaintiff
     with the vendor concern the purchaser.[4]

5. COURTS — EQUITY—COURT WILL NOT TRY ISSUES COGNIZABLE
   ONLY BY COMMISSIONER.
   A court of equity will not try issues tried or triable be-
     fore a commissioner in summary proceedings in which that
     court has jurisdiction.[5]

---

[1]Fraudulent Conveyances, 27 C. J. § 565; [2]Equity, 21 C. J. §§ 858,
858 (Anno); [3]Actions, 1 C. J. § 407 (Anno); [4]Fraudulent Convey-
ances, 27 C. J. § 707; [5]Vendor and Purchaser, 39 Cyc. p. 1889.

6. FORCIBLE ENTRY AND DETAINER—SUMMARY PROCEEDINGS—EQUIT-
ABLE DEFENSES NOT PERMISSIBLE.

In summary proceedings before a commissioner, equitable
defenses are not permissible.[6]

7. FRAUDULENT CONVEYANCES—EQUITY—JURISDICTION.

The issues involved in a suit to set aside a fraudulent
assignment of a land contract, and to redeem from fore-
closure by the vendor, are purely equitable issues cogniz-
able only by a court of equity.[7]

8. SAME—ASSIGNMENT OF CONTRACT INTEREST.

A judgment creditor, levying upon a vendee's interest in
a land contract, could not sell such interest until the fraud-
ulent assignment thereof had been set aside by a court of
equity.[8]

9. SAME—TENDER—REDEMPTION.

Where a judgment creditor, seeking to set aside a judg-
ment debtor's assignment of a land contract and to re-
deem from a foreclosure thereof, paid the amount due
on the contract to the clerk of the court at the time of
filing the bill of complaint and before the period of re-
demption from the foreclosure had expired, his right to
redeem was protected; exclusive equitable relief being
necessary to protect his rights.[9]

10. TENDER—CONDITIONAL TENDER—REDEMPTION—EQUITY.

A tender of the amount due on a land contract was not
conditional so as to defeat plaintiff's right to redeem
from foreclosure, where the bill unequivocally tendered
the money and it was paid to the clerk of the court, al-
though a court of equity would not decree a payment to
the vendor without giving relief to plaintiff.[10]

Appeal from Oakland; Gillespie (Glenn C.), J.  Sub-
mitted January 13, 1926.   (Docket No. 168.)   De-
cided March 20, 1926.

Bill by the People's Mortgage Corporation against
Hugh Wilton and another, to set aside an assignment
of a land contract, and against John M. King and an-
other to redeem from a judgment of restitution against
defendants Wilton.   From a decree dismissing the bill,

[6]Vendor and Purchaser, 39 Cyc. p. 1895; [7]Fraudulent Convey-
ances, 27 C. J. § 565; [8]Vendor and Purchaser, 39 Cyc. p. 1662;
[9]Fraudulent Conveyances, 27 C. J. § 565; [10]Id., 27 C. J. § 565.

plaintiff appeals.    Reversed, and decree entered for plaintiff.

*Rich & Brown* and *Pelton & McGee,* for plaintiff.

*E. L. Phillips* and *A. J. Moore,* for defendants King.

FELLOWS, J.    Defendants King are the fee owners of a farm in Oakland county; they sold it on contract to defendant Hugh Wilton.    Plaintiff recovered a judgment in an action at law against him.    Before execution was issued he assigned his interest in the contract to his wife, defendant Grace Wilton.    Levy was made under the execution when issued.    The Wiltons left the State.    Defendants King commenced summary proceedings against them to recover possession of the farm; they were brought in by publication. Defendants King had judgment for restitution on August 21, 1924, and $1,408.42 was found to be the amount due on the contract.    This bill was filed September 18, 1924.    By it plaintiff seeks as to defendants Wilton the setting aside as fraudulent the assignment of the contract from Hugh Wilton to his wife, and as to defendants King the right to redeem.    By the bill plaintiff tendered the amount due the Kings and costs, and deposited with the clerk such amount. On filing the bill a summons and an injunction restraining defendants King from proceeding further with the summary proceedings were issued and placed in the hands of the sheriff for service.    They were not served until the 27th.    Defendants Wilton were brought in by publication and their default duly entered.    Defendants King answered issuably and upon a hearing the bill was dismissed.    Plaintiff appeals.

Some minor questions should be first disposed of. They require little discussion.    This bill is clearly a bill in aid of execution and is maintainable if the facts support its allegations (3 Comp. Laws 1915, § 12897, as amended by Act No. 215, Pub. Acts 1917

[Comp. Laws Supp. 1922, § 12897]; *Lipp* v. *Jacobs,* 198 Mich. 357; *Raymond* v. *Bigley,* 226 Mich. 182). The fact that plaintiff may not be entitled to all the relief prayed for in the bill does not preclude the court from granting such relief as the facts stated in the bill and sustained by the proofs justify where, as in this case, there is a prayer for general relief. The suit was commenced when the summons was in good faith placed in the hands of the officer for service, or when given to plaintiff's attorney. *Taylor* v. *Mathews,* 224 Mich. 133, and authorities there cited. Good faith in the instant case is not questioned. That Mr. King was away on a hunting trip and could not be served until the 27th did not prevent the court from acquiring jurisdiction of the case on the day it was commenced, the 18th. Plaintiff made its case against the Wiltons under Act No. 215, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 12897). Defendants King insist they are not within the purview of that act and as to them plaintiff should have been required to go further in its proof. But defendants King are not concerned in the issue between plaintiff and defendants Wilton. The interest in the land contract was subject to levy and sale under the statute and cases above cited and on the same authority a bill in aid of execution was proper to set aside a fraudulent conveyance of that interest. This was the issue between plaintiff and the Wiltons. As to defendants King, as we have before stated, the bill was a bill to redeem. Defendants King were entitled either to their money or the land. The Wiltons were not concerned with the issue as to the Kings nor the Kings that with the Wiltons.

The principal contention of defendants is this: The Kings recovered judgment before the commissioner August 21st; that judgment cannot be collaterally attacked; payment of the amount found due could

be made within the next 30 days, then only to the commissioner; the tender into the circuit court in chancery of the amount did not save plaintiff's right to redeem; the suit was not commenced until process was served and this was after the 30 days had expired and defendants' title had matured. The last point is already answered by what has been said. When the suit was commenced and the money tendered into court there was still time to redeem.

It is well settled that a court of equity will not try out issues tried or triable before the commissioner in summary proceedings cases in which that court has jurisdiction. *Security Investment Co.* v. *Meister,* 214 Mich. 337; *Manuel* v. *Savings Bank,* 227 Mich. 647; *Blazewicz* v. *Weberski, post,* 431. But in a summary proceeding before the commissioner, equitable defenses are not permissible. *Bartlett* v. *Bartlett,* 103 Mich. 293; *Gale* v. *Eckhart,* 107 Mich. 465; *Cottrell* v. *Moran,* 138 Mich. 410. The issues here involved are purely equitable issues for determination by a court of equity and would give plaintiff no standing in the case before the commissioner. Under these circumstances, we are unable to distinguish the instant case upon principle from *Puziol* v. *Kastle,* 231 Mich. 100. There we held that the plaintiffs were subrogated to the rights of others and permitted them to redeem although the bill was not filed until after the 30-day period for redemption had expired, while here the bill was filed and the money was brought into court before the period had expired. There plaintiffs could not with safety pay the amount found due by the commissioner before they had had their equitable rights determined by a court of equity. So here, plaintiff could not sell under its levy until the fraudulent assignment of the contract had been set aside leaving the vendee's interest in Hugh Wilton, and this could only be done in a court of equity. If it paid to the commissioner without

first obtaining that equitable relief, it hazarded the claim which might be made that it was a volunteer in making the payment. This we do not think it was required to do. It brought the money into a court of equity before the time of redemption had expired, and this, we think, was sufficient where exclusive equitable relief was necessary to protect its rights.

But defendants' counsel say this tender was conditional. It was not on its face. The bill unequivocally tendered the money and it was paid to the clerk. But from a practical viewpoint we think counsel are right. No court of equity would decree that this money should be paid to defendants King unless it gave plaintiff relief. It would manifestly be inequitable to give defendants King over $1,400 of plaintiff's money and at the same time deny that plaintiff had any interest in the land under its levy. So practically, counsel are right. But because they are right is all the more reason why equity should entertain this bill. Only in a court of equity may the rights of all the parties be worked out. Here the fraudulent conveyance of Wilton to his wife may be set aside and plaintiff may proceed to collect what it can from its absconding debtor. Here defendants King will receive the money and all the money due them on their contract and that is all they are entitled to as a matter of good conscience. The case of *Wray-Austin Machinery Co.* v. *Flower*, 140 Mich. 452, strongly relied upon by defendants, is not controlling. There all the facts were found to be with defendants; here they are with plaintiff. There Mrs. Flower had expressly refused to enter into a lease with plaintiff and was not, as this court found, estopped from asserting her rights; without her consent it could not obtain a lease to it from her; it had no rights in the premises which under the law she was bound to recognize. Here with the fraudulent conveyance set aside plaintiff had an

234—Mich.—17.

absolute right under the statute to sell the vendee's interest in the lands upon which the levy was made, and incidentally thereto could protect such interest from default.    We think the cases are clearly distinguishable.

The decree dismissing the bill will be reversed and one here entered in conformity with this opinion.    As payments have matured on the contract since this suit was commenced, plaintiff will be required to make payment of all past due instalments, the amount unless agreed upon to be fixed on the settlement of the decree. Plaintiff will recover costs of both courts.

Bird, C. J., and Sharpe, Snow, Steere, Wiest, Clark, and McDonald, JJ., concurred.