NATHAN *v.* RUPCIC.

1. TRIAL—NONJURY CASE—COURT RULES—DICTATION OF OPINION.
   Under court rule pertaining to nonjury actions at law imposing a duty upon the trial judge "to sign and file, or to dictate to the stenographer, an opinion in which he shall set forth his decision and the substance of the judgment with a concise statement of his reasons therefor," compliance with intent and purpose of the rule was effected when trial court had dictated the opinion (Court Rule No. 37, § 11 [c] [1931]).

2. ACTION—COMMENCEMENT—SUMMONS.
   A suit is commenced when the summons is in good faith placed in the hands of an officer for service.

3. SAME—COMMENCEMENT—RENEWAL OF JUDGMENT.
   Action for renewal of judgment was properly commenced where summons was in good faith placed in hands of sheriff three weeks before 10-year period of limitations expired although service was not had until five days after expiration of the period (3 Comp. Laws 1929, § 13976 [1]).

Rights of plaintiff in whose favor a valid, final, personal, money judgment has been rendered, see Restatement, Judgments, §§ 45, 47; defenses which may be interposed in action on judgment, see § 47, comment e.

4. JUDGMENT—RENEWAL—RETROSPECTIVE STATUTE.

Amendatory act relative to renewal of ''any judgment in tort heretofore or hereafter rendered'' applied to judgments recorded prior to its effective date as well as after (Act No. 314, chap. 22, § 27, Pub. Acts 1915, as added by Act No. 170, Pub. Acts 1937).

5. SAME—RENEWAL—STATUTES—CONSTITUTIONAL LAW.

Since the only effect of amendatory act relative to renewal of tort judgments is to modify the remedy rather than the substantive rights of the parties, such act is not unconstitutional because it applies to judgments recorded prior, as well as subsequent, to its effective date (Act No. 314, chap. 22, § 27, Pub. Acts 1915, as added by Act No. 170, Pub. Acts 1937).

6. CONSTITUTIONAL LAW—MODIFICATION OF REMEDIES.

The legislature may alter, enlarge, modify or confer a remedy for existing rights without infringing any principle of the Constitution.

7. JUDGMENT—RENEWAL—CHANGE OF REMEDY.

In providing a means for renewing a tort judgment the legislature merely changed the remedy (Act No. 314, chap. 22, § 27, Pub. Acts 1915, as added by Act. No. 170, Pub. Acts 1937).

8. SAME—ACTION—DEFENSES.

In an action upon a judgment, no defense is admissible which accrued prior to the rendition of the judgment.

9. SAME—REMEDIES—ACTION TO RENEW.

Since the remedy of one who is dissatisfied with a judgment is by way of appeal, he may not urge, in action to renew judgment, that the lower court should have granted a jury trial in the original action (3 Comp. Laws 1929, § 15491; Court Rule No. 55 [1931]).

Appeal from Wayne; Brennan (John V.), J. Submitted October 7, 1942. (Docket No. 34, Calendar No. 42,103.) Decided November 24, 1942.

Action by Isadore Nathan against Frank Rupcic to recover on and renew a tort judgment. Judgment for plaintiff. Defendant appeals. Affirmed.

*Joseph M. Weiss* (*Markus S. Simon*, of counsel), for plaintiff.

*Ivan A. Marohnic*, for defendant.

SHARPE, J.  This case involves the right of plaintiff to sue on and renew a tort judgment rendered in his favor in the circuit court of Wayne county on January 7, 1932.  The original cause had been tried without the aid of a jury.  On January 6, 1932, the trial judge dictated an opinion to the court stenographer, but the same was never signed or filed. Judgment was entered the following day.  Subsequently, a motion for a new trial was made and denied.  On December 17, 1941, a summons was issued for renewal of the judgment.  It was forthwith placed in the hands of the sheriff, but service upon defendant was not made until January 12, 1942, or five days after the expiration of the so-called 10-year period for renewal of judgments in accordance with 3 Comp. Laws 1929, § 13976, subd. 1, as amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605).  On March 27, 1942, summary judgment was rendered in favor of plaintiff.

Defendant appeals and contends that the signing and filing of an opinion was essential to the validity of the original judgment; that the present action was not brought within the 10-year period of limitation as is provided for by 3 Comp. Laws 1929, §13976, subd. 1, as amended; and that Act No. 314, chap. 22, § 27, Pub. Acts 1915, as added by Act No. 170, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14530–1, Stat. Ann. 1942 Cum. Supp. § 27.1457), does not apply to judgments rendered prior to the effective date of the act.

We are not in accord with the claim made by defendant that an opinion must be signed and filed by the trial judge.  The court rule in effect when the original judgment was rendered reads as follows:

"When an action at law is tried by the court without a jury:  *  *  *

" (c) It shall be the duty of the trial judge to sign and file, or to dictate to the stenographer, an opinion in which he shall set forth his decision and the substance of the judgment with a concise statement of his reasons therefor." Court Rule No. 37, § 11 (1931).

Under this rule it is optional with the trial judge to sign and file an opinion *or dictate the same to the stenographer.* The trial judge in dictating an opinion complied with the intent and purpose of the rule.

It is next urged that the present action was not brought within the 10-year period of limitation. The facts show that the limitation period would have expired on January 7, 1942. The summons commencing the present suit for renewal of judgment was placed in the hands of the sheriff on December 17, 1941, but was not served until January 12, 1942. The general rule relating to the commencement of suit is that a suit is commenced when the summons is in good faith placed in the hands of an officer for service. *Taylor* v. *Mathews,* 224 Mich. 133; *People's Mortgage Corp.* v. *Wilton,* 234 Mich. 252; *Home Savings Bank* v. *Young,* 295 Mich. 725. The facts in the case at bar show that suit was properly commenced within the intent and meaning of the above rule.

It is next urged that Act No. 170, Pub. Acts 1937, was not intended to apply to judgments entered prior to its effective date. It is to be noted that the above act became effective after the original judgment had been recorded.

Act No. 170, Pub. Acts 1937, adding section 27 to Act No. 314, chap. 22, Pub. Acts 1915 (Comp. Laws Supp. 1940, § 14530-1, Stat. Ann. 1942 Cum. Supp. § 27.1457), reads as follows:

"Any judgment in tort heretofore or hereafter rendered and of record in any court of record in

this State may be sued on and renewed, within the time and as provided by law, and such renewal judgment or judgments, when obtained, shall likewise be in tort and have the same attributes as the original tort judgment or judgments, with all the rights and remedies of tort judgments attaching thereto."

In our opinion the language used in the act clearly shows that the act applies to judgments recorded prior to its effective date as well as after.

It is also urged that if the act applies to judgments recorded before the effective date of the act, then the act is unconstitutional.

Prior to the enactment of Act No. 170, the statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]) provided as follows:

"1.   That actions founded upon judgments or decrees rendered in any court of record of the United States, or of this State, or of some other of the United States, and actions founded upon bonds of public officers, actions founded upon covenants in deeds and mortgages of real estate, may be brought at any time within ten years from the time of the rendition of such judgment, or the time when the cause of action accrued on such bond or covenant."

The only change which Act No. 170 makes to the above statute of limitations is that if the original judgment was in tort, the renewal judgment must also be in tort.   Its effect is to modify the remedy rather than the substantive rights of the parties. The rule is well established that the legislature may alter, enlarge, modify or confer a remedy for existing rights, without infringing any principle of the Constitution.   See *Judd* v. *Judd,* 125 Mich. 228.

*Grand River Avenue Christian Church* v. *Berkshire Life Ins. Co.,* 254 Mich. 480, involved a mortgage foreclosure.   At the time the mortgage was executed the statute providing for forclosure by advertisement (Act No. 383, Pub. Acts 1925) required

personal or registered mail service of the notice of foreclosure upon occupants of the mortgaged premises. This provision was changed by a subsequent statute. We there quoted with approval the following from *Conley* v. *Barton*, 260 U. S. 677 (43 Sup. Ct. 238, 67 L. Ed. 456):

" 'It is recognized that the legislature may modify or change existing remedies or prescribe new modes of procedure without impairing the obligation of contracts if a substantial or efficacious remedy remains or is given, by means of which a party can enforce his rights under the contract.' "

And from *James* v. *Stull*, 9 Barb. (N. Y.) 482:

" 'To hold this act unconstitutional would be to deny to the legislature, virtually, all power to legislate in regard to the practice of courts and proceedings on the part of creditors, to collect debts; — a power which must always exist and be frequently called into exercise in every commercial and advancing community, to meet peculiar exigencies, and keep the organization of courts and their proceedings in harmony with the demands of business and the substantial progress of society.' "

We, therefore, hold that Act No. 170 did not change any substantive right. It merely changed the remedy, and as such does not violate any provision of our Constitution.

It is also urged by defendant that the lower court should have granted a jury trial in the original action; and that the defendant may raise this question upon appeal in the present case. The general rule is that in an action upon a judgment, no defense is admissible which accrued prior to the rendition of the judgment. See 2 Black on Judgments (2d Ed.), p. 1431, § 970. Moreover, if defendant was dissatisfied with the original judgment, his remedy

was by appeal. See 3 Comp. Laws 1929, § 15491 (Stat. Ann. § 27.2591), and Court Rule No. 55 (1931). There is no merit to such a claim.

The judgment is affirmed, with costs to plaintiff.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.