GRAND RAPIDS REALTY CO. *v.* ROGERS.

1. PAYMENT—SUCCESSOR FIRM—APPLICATION.

Where predecessor firm owed rent to plaintiff and defendant successor paid rent without making directions as to how payments were to be applied, it was proper for plaintiff to treat the combined account as the debt of defendant and apply payments made to obligation first incurred.

2. LANDLORD AND TENANT—APPLICATION OF PAYMENTS OF RENT.

Fact that plaintiff landlord combined rent account of deceased husband tenant with that of defendant wife who succeeded to the business at the same location, rendered monthly statements and audit reports to her which combined the husband's debt with hers and she made no objection thereto before payment of his debt was completed, disclosed a clear intent on her part to pay husband's debt, especially where there were times when she had paid plaintiff more than the rent due for period of her occupancy.

3. PAYMENT—HUSBAND AND WIFE—ESTATES OF DECEDENTS.

Even though plaintiff might not have recovered rent due from defendant's husband because of the statute of frauds and because his debt became extinguished upon the closing of his estate after his death, it was competent for defendant to pay it (3 Comp. Laws 1929, § 13417, as amended by Act No. 261, Pub. Acts 1945).

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 8, 1947. (Docket No. 21, Calendar No. 43,546.) Decided April 17, 1947. Rehearing denied May 16, 1947.

Assumpsit by Grand Rapids Realty Company, a Michigan corporation, against Helen L. Rogers, individually and as administratrix of the estate of Norman Rogers, deceased, for rent. Judgment for plaintiff. Plaintiff appeals. Defendant cross-appeals. Reversed and remanded for entry of judgment for plaintiff in an increased amount.

*Warner, Norcross & Judd* and *Platt W. Dockery,* for plaintiff.

*Irving H. Smith,* for defendant.

DETHMERS, J. Plaintiff sues for $889.38 for back rent due on premises leased from plaintiff by defendant for the operation of a printing business conducted by her under the assumed name, American Brief & Record Company. The business had been operated under that name, in the same location, by defendant's husband until January 22, 1942, when he died owing plaintiff $882.08 for rent. On February 27, 1942, defendant filed a certificate of doing business under said assumed name and, as administratrix of her husband's estate, leased to herself and on June 5, 1942, sold to herself, individually, the assets of her husband's business, which she continued to operate until November 15, 1945.

Plaintiff treated the new firm as successor to the old firm. The balance of rent due by the husband's firm at his death was carried into the account of the new firm of defendant. Plaintiff submitted monthly statements to the defendant, showing the amount of

the back rent, including the unpaid portion of the rent incurred by the husband, the current rent, and the total of both due. Defendant made payments by April of 1942 totalling $300, exceeding rent due for the period of her occupancy to that date by $105. Defendant's payments were applied by plaintiff to the earliest rental remaining unpaid on the combined account of the two firms, so that, by April of 1943, plaintiff's books showed the account of the husband as paid, but all rent up to that date from the beginning of defendant's tenancy as unpaid. The defendant continued in use the firm books of her husband, and it appears that on these books also, as on plaintiff's, defendant's payments were applied to the combined account. Consequently, at the end of the years 1942 and 1943, respectively, defendant's bookkeeper confirmed from defendant's books the figures submitted by the auditors of plaintiff's books, and certified as correct the amount of the account as shown on plaintiff's books.

During the time defendant conducted the business she paid plaintiff a total of $3,000.78. Charges for rent during her tenancy totalled $3,008.08. Defendant claims that the amount she paid was for rental charges incurred during her occupancy, leaving a balance due from her to plaintiff of $7.30 and that the remainder of the rent account is not her debt, but her husband's. Plaintiff, on the contrary, contends that the first $882.08 paid by defendant served to pay the debt of the husband, leaving a corresponding amount of rent incurred during defendant's tenancy unpaid, which, together with said sum of $7.30, amounts to the $889.38 for which plaintiff brings suit. From judgment for plaintiff for $7.30 and costs, plaintiff appeals.

The question presented here is whether defendant has, in fact, paid the account of her husband. If

she has, then plaintiff is entitled to judgment for $889.38 for back rental incurred during defendant's tenancy.

It was competent for defendant to pay her husband's account. The record discloses no directions by her as to how her payments were to be applied. But plaintiff treated the combined account of the two firms as the debt of defendant and proceeded on the theory that a creditor may apply payments, not otherwise directed by the debtor, to that portion of debtor's obligation which was first incurred. As authority for this theory see *Grasser & Brand Brewing Co.* v. *Rogers,* 112 Mich. 112 (67 Am. St. Rep. 389); *Gardner* v. *Le Fevre,* 180 Mich. 219 (Ann. Cas. 1916 A, 618); *Wood* v. *Callaghan,* 61 Mich. 402 (1 Am. St. Rep. 597); *Armitage* v. *Saunders,* 94 Mich. 482. The fact that plaintiff had combined the accounts and was so applying defendant's payments was disclosed to her by the monthly statements and the audit reports. The fact that she made no objection thereto before payment of her husband's debt was completed, the fact that, in response to such statements, her total payments at times were in excess of what would have been the amount of rent incurred during her occupancy to such date, and the further fact that her bookkeeper confirmed from defendant's books the figures of plaintiff's auditors, thus revealing that defendant had, on her own books, caused her husband's account to be carried over into her own account and applied her payments thereto —these facts indicate a clear intent on her part to pay her husband's debt and are consistent only with the conclusion that she did so.

Defendant pleads the statute of frauds * and, also,

---

* 3 Comp. Laws 1929, § 13417, as amended by Act No. 261, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 13417, Stat. Ann. 1946 Cum. Supp. § 26.922).—REPORTER.

urges that the husband's debt became extinguished upon the closing of his estate in June, 1942. Even though plaintiff could not, for those reasons, have prevailed against the defendant in an action to recover on the husband's debt, it was competent for the defendant to pay it. This she has done. In consequence there remains due plaintiff and unpaid, for rent incurred during defendant's tenancy, the sum of $889.38 for which plaintiff is entitled to judgment, with costs.

The case is reversed and remanded for entry of judgment for plaintiff in accord herewith.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.