### KORBY *v.* SOSNOWSKI.

1. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT.
   Plaintiff's failure to prove fraudulent concealment of his cause of action as alleged in amended declaration did not preclude recovery under original and amended declarations, where he was found entitled to recover irrespective of such concealment in action timely commenced (CL 1948, § 609.13, as amended by PA 1951, No 21, § 609.20).

2. ACTION—COMMENCEMENT PRIOR TO JUDICATURE ACT.
   Proper commencement of an action by the procedure provided before the judicature act necessitated personal service of the declaration upon the defendant within the period provided by the statute of limitations (How § 7291).

3. SAME—COMMENCEMENT—SUMMONS PLACED IN HANDS OF OFFICER FOR SERVICE.
   An action at law for damages is commenced, under the present law, when the summons is in good faith placed in the hands of an officer for service although service is not actually made until after expiration of statute of limitations (CL 1948, § 609.13, as amended by PA 1951, No 21; § 613.4).

4. FRAUDS, STATUTE OF—EXECUTORY AND EXECUTED CONTRACTS.
   The statute of frauds applies to bar recovery only to executory contracts, and not to those which have been fully executed and performed completely on both sides (CL 1948, § 566.132).

5. BROKERS—AMOUNT OF COMMISSION—QUESTION FOR JURY.
   The amount of commissions to which defendant real-estate broker was entitled was a question of fact for the jury, where plaintiff claimed defendant was entitled to but 5% of the sale price in accordance with the usual rate and defendant claimed that plaintiff had orally agreed that defendant might share in the profits.

---

REFERENCES FOR POINTS IN HEADNOTES

[4] 49 Am Jur, Statute of Frauds § 419.
[5] 8 Am Jur, Brokers §§ 139, 146.
[6] 3 Am Jur, Appeal and Error § 1236.

6. Same—Overcharge for Commission—Verdict—Great Weight of the Evidence.

Verdict for plaintiff in his action against defendant real-estate broker for overcharge for commission *held*, not against the great weight of the evidence.

7. Appeal and Error—Remand—Entry of Judgment.

Judgment for plaintiff is ordered entered upon remand to the circuit court, where there had been a verdict for him in the common pleas court that was erroneously reversed on appeal to the circuit court (Court Rule No 77, § 21 [1949]).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 7, 1954. (Docket No. 25, Calendar No. 46, 047.) Decided June 7, 1954. Rehearing denied September 8, 1954.

Case by Dr. George J. Korby against John B. Sosnowski in the common pleas court of Detroit for excessive charge of real-estate commissions. Verdict and judgment for plaintiff in lower court. On appeal to circuit court, judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Paul B. Mayrand,* for plaintiff.

*Cleary, Weins, Jackson & Scallen,* for defendant.

Butzel, C. J. Dr. George J. Korby, plaintiff and appellant, brought 3 actions against John B. Sosnowski, a real-estate broker, defendant and appellee, in the common pleas court for the city of Detroit. Plaintiff alleged that defendant had overcharged him for commissions on the sale of vacant property. Two of the actions were ultimately decided in favor of defendant on directed verdicts as having been barred by the statute of limitations. No appeal was taken therefrom. In the third action before a jury, plaintiff was awarded a verdict and judgment in the amount of $878 and interest from May 27, 1946. An appeal was taken to the circuit court for the county

of Wayne wherein the judgment in the common pleas court was reversed. The circuit judge reversed on the ground that plaintiff's claim was barred by the statute of limitations.* Plaintiff has appealed.

Plaintiff's action is based solely on the claim that defendant had overcharged him for brokerage fees on the sale of 4 vacant lots and had withheld the overcharge from plaintiff. Shortly before he began this action plaintiff had been interrogated by internal revenue agents regarding the payment of such fees and then found out for the first time, he alleged, that defendant had overcharged him and thus withheld a large portion of the proceeds from the sale to which defendant was not entitled.

Plaintiff and defendant were evidently very friendly. Through the efforts of defendant, plaintiff in December of 1945 purchased 4 lots on the outskirts of Detroit for $1,200. On May 27, 1946, plaintiff, through defendant as his broker, sold the 4 lots for the sum of $2,700. In making his return to the plaintiff, defendant charged $1,103 for brokerage fees. At the trial in the court of common pleas plaintiff showed that the regular commission by the Detroit real-estate board was 5% of the sale price for vacant property providing the selling price was over $1,000. Plaintiff's main contention is that there was an implied understanding that defendant's commissions were to be at the usual rate and that defendant was, therefore, entitled to only $135 as a commission on the sale.

Defendant was not a member of the Detroit real-estate board. In addition to various technical defenses, defendant asserted the defense that he had an agreement with plaintiff that he would participate in the profits from the sale provided he made an early sale; that plaintiff was financially distressed and

---

* See CL 1948, § 609.13, as amended by PA 1951, No 21 (Stat Ann 1953 Cum Supp § 27.605).—REPORTER.

desired a quick sale. Defendant testified, in justification of the large commission fees, that he had done more than procure a purchaser; that he had financed the entire transaction and had made all collections. Plaintiff denied that defendant had financed the transaction and showed that the money came from his funds. The sale netted a profit of $1,500. Of this amount defendant retained $1,013 as a commission leaving a final profit to plaintiff of only $487.

The praecipe and declaration in the instant action were filed on May 22, 1952. Summons was issued from the common pleas court the same day but the writ was returned unserved. An alias summons was issued on June 17, 1952, and served on June 24, 1952, with a copy of the original declaration. Following several motions to dismiss, plaintiff filed an amended declaration pursuant to court order. This amended declaration repeated the original declaration but in addition set forth in 3 new paragraphs facts which, it was alleged, constituted a fraudulent concealment of plaintiff's cause of action (CL 1948, § 609.20 [Stat Ann § 27.612]). The circuit judge reversed the judgment of the common pleas court. He held that the evidence in the case disclosed that there was no fraudulent concealment of a cause of action discovered by the plaintiff within 2 years of the date of the commencement of the suit. He further held that plaintiff's case had not been commenced within 6 years from the time the cause of action accrued. In our view of the case plaintiff's failure to prove the fraudulent concealment of a cause of action as set forth in his amended declaration in no manner affected his right to recover upon the cause of action asserted in the original declaration and also in the amended declaration. It is conceded by the parties that the transaction giving rise to the claim occurred on May 27, 1946.

The statute pertaining to commencement of actions in the common pleas court read, in part, as follows (CL 1948, § 728.13 [Stat Ann § 27.3663]):

"In every action in assumpsit or trespass on the case instituted in such court by writ of summons, the plaintiff or his duly authorized agent or attorney shall, at the time of instituting such action, file with the clerk of the court a declaration in writing, in such form as shall be prescribed by rule of court and which shall include an itemized statement of the damages claimed. At the same time plaintiff or his agent or attorney shall provide a copy thereof for each defendant named in said suit, 1 of which copies shall be served on each defendant with the summons issued in such case."

Appellee contends that in order to commence an action in the common pleas court within the period of the statute of limitations a copy of the declaration filed in the court must be personally served upon the defendant. In support of this argument appellee cites several early Michigan cases based upon a statute in existence prior to the passage of the judicature act of 1915. In construing that statute in *Detroit Free Press* v. *Bagg,* 78 Mich 650, this Court stated (p 653):

"The question then arises, when is a suit commenced by declaration? Is the filing and entering of a rule to plead a commencement of the suit, or must there also be a service of the same before the suit is duly commenced? The statute authorizing the commencement of suits by declaration reads as follows:

" 'Actions brought for the recovery of any debt, or for damages only, may be commenced either—

" '1. By original writ, or

" '2. By filing in the office of one of the clerks of the court a declaration, entering a rule in the minutes kept by such clerk requiring the defendant to plead to such declaration within 20 days after service of

a copy thereof and notice of such rule, and serving a copy of such declaration and notice of such rule personally on the defendant.' How Stat, § 7291.

"Under this statute, we are all agreed that the contention of defendant is correct, and that service must be had personally before the suit can be considered as 'duly commenced.' As there was no serious contention that there was ever any such service upon Bagg, the circuit judge should have directed a verdict for the defendant."

But it is to be noted that the cited case involved the necessary procedure for commencing an action, under the early statute, by filing a declaration with rule to plead. Prior to the passage of the judicature act of 1915, proper commencement of an action, within the statutory period, by that procedure necessitated personal service of the declaration. See in connection therewith *Christie* v. *Springfield Fire & Marine Insurance Co.,* 207 Mich 12, and CL 1948, § 613.4 (Stat Ann § 27.734). The present action was commenced in the common pleas court by a writ of summons. The fact that the statute requires filing the declaration at the time the suit is begun and provides for service of a copy of the declaration upon the defendant, in no way affects the validity of the rule set forth in *Nathan* v. *Rupcic,* 303 Mich 201. In that case, this Court stated (p 204):

"The facts show that the limitation period would have expired on January 7, 1942. The summons commencing the present suit for renewal of judgment was placed in the hands of the sheriff on December 17, 1941, but was not served until January 12, 1942. The general rule relating to the commencement of suit is that a suit is commenced when the summons is in good faith placed in the hands of an officer for service. *Taylor* v. *Mathews,* 224 Mich 133; *People's Mortgage Corp.* v. *Wilton,* 234 Mich 252; *Home Savings Bank* v. *Young,* 295 Mich 725. The facts in the case at bar show that suit was properly

commenced within the intent and meaning of the above rule."

Defendant, citing CL 1948, § 566.132 (Stat Ann § 26.922), contends that the plaintiff cannot maintain the present action because the agreement from which the present claim arises is within the statute of frauds. He asserts that the agreement to pay a commission on the sale of an interest in real estate since not evidenced by any writing cannot be considered for the purpose of assessing damages or for any other purpose. Plaintiff claims that the statute of frauds does not apply in that the agreement has been completely executed and for that reason is taken out of the statute. Both parties cite as support for their position the case of *National Bank of Detroit* v. *Wing,* 318 Mich 436. In that case this Court stated (p 444):

"The quoted provisions of the statute relate only to agreements, promises, or contracts which have not been fully executed. They may not be applied to and thereby afford a basis of recovery incident to fully consummated transactions. Such was our recent holding in *Grand Rapids Realty Co.* v. *Rogers,* 317 Mich 454. As being particularly applicable to the instant case see *Bagaeff* v. *Prokopik,* 212 Mich 265 (17 ALR 1292). In 37 CJS at page 738, citing many authorities, it is said:

" 'It is well settled that the statute of frauds applies only to executory contracts, and not to those which have been executed and performed completely on both sides; in such cases the rights, duties, and obligations of the parties are entirely unaffected by the statute, or at least the contract is binding to the extent that it has been executed.' "

Defendant claims that the decision in that case should be controlling in the present case. In that case the vendor of the real estate, as intervenor, sought to recover real-estate commissions retained

by the broker. His right to recover the earned commissions retained by contract or common consent was there denied. There is a significant distinction between that case and the present one. The Court in the *Wing Case,* an equity suit, stated at page 441:

"Appellant does not assert a right to recover on the ground that the retained commissions were excessive."

Plaintiff concedes that he agreed to pay defendant commissions on the sale of the real estate but denies that he agreed to pay defendant a share of the profits as claimed by the defendant. The amount of commissions to which defendant was entitled under the agreement was a factual question for submission to the jury. The jury in returning a verdict for the plaintiff evidently believed the testimony on behalf of plaintiff. We cannot say that the verdict was against the great weight of the evidence.

The case is reversed and remanded to the circuit court to enter judgment for the plaintiff in accordance with Court Rule No 77, § 21 (1949). Costs are awarded to the plaintiff.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.