## DAVIS v. BERES

### Opinion of the Court

1. Limitation of Actions — Tolling — Intoxicating Liquors — Dramshop Act — Process.

   The tolling provision of the general statute of limitations, with its 90-day maximum period within which service of process could be made after the filing of the complaint, is inapplicable to an action under the dramshop act (CLS 1961, § 436.22).

2. Intoxicating Liquors—Dramshop Act—Process.

   An action under the dramshop act is instituted when the complaint is filed and the summons is placed in the hands of an officer in good faith for service (CLS 1961, § 436.22).

3. Limitation of Actions — Intoxicating Liquors — Dramshop Act — Process.

   Motion for accelerated judgment was properly denied where a summons and a copy of the complaint were promptly delivered to the sheriff for service, the complaint was filed six days before the two-year limitation period contained in the dramshop act, and process was served six days after that period because personal service six days after the expiration date of the limitation period was reasonable and no prejudice to the

---

Reference for Points in Headnotes
[1-4] 51 Am Jur 2d, Limitation of Actions § 208.

defendant in preparing his defense arose thereby (CLS 1961, § 436.22).

CONCURRING OPINION

DANHOF, J.

4. LIMITATION OF ACTIONS — TOLLING — INTOXICATING LIQUORS — DRAMSHOP ACT — PROCESS.

*Nothing in the statute of limitations provision that the statute shall be tolled 90 days when the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, precludes its use in actions instituted under the dramshop act (MCLA §§ 436.22, 600.5856).*

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 March 5, 1970, at Lansing. (Docket No. 7,229.) Decided May 27, 1970. Leave to appeal granted August 4, 1970. 383 Mich 814.

Complaint by Grant Davis and Hazel Davis, his wife, against Julius Beres, doing business as Keg and Anchor, for personal injuries caused by defendant's violation of the dramshop act. Defendant's motion for accelerated judgment denied. Defendant appeals. Affirmed.

*Smith, Magnusson & Anderson,* for plaintiff.

*Bell, Hertler & Hopkins,* for defendant.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

O'HARA, J. This case comes to us on leave granted to appeal an order of the circuit court denying defendant's motion for accelerated judgment.

---

* Former Supreme Court Justice, sitting on Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

The question as agreed upon and stated to us is:

"Must a suit under CLS 1961, § 436.22 (Stat Ann 1970 Cum Supp § 18.993)[1] be filed and *served* within the two year limitation contained in the statute."

We have caused "served" to be italicized in the quoted question because the parties agree that the complaint was filed within the two-year period, and that a summons and copy of the complaint were promptly delivered to the sheriff for service. The complaint was filed six days before the two-year period expired. Process was served six days after that period.

The statute provides:

"Any action shall be *instituted* within two years of the happening of the event."

Again we have added the emphasis for under the wording of the statute the question really is, when is the action "instituted?"

We deem it advisable to eliminate possible confusion which might arise by reason of the use in the dramshop act of the wording "any action shall be *instituted* within two years of the happening of the event." (Emphasis supplied.) The fact that the particular statute under consideration uses the word "instituted" rather than "commenced," which is found more often in statutory and case law language dealing with the limitations of actions is, we think, of no significance. For our decisional purpose we treat the terms as synonymous. We discern no legislative intent to the contrary. Thus, the question becomes, when is an action "commenced" within the terms of the dramshop act?

Regrettably perhaps, to "commence" a civil action in our state, has two meanings.

---

[1] The dramshop act—so-called.

GCR 1963, 101, and its statutory counterpart, RJA § 5856,[2] provide:

"A civil action is commenced by filing a complaint with the court."

This admirably succinct statement would please the most caustic critic of legal verbosity and ambiguity.

However, as is pointed out by the author's comments on the following page, it isn't all that simple.

"The declaration that an action is commenced by filing a complaint was not intended to govern the point in time at which statutes of limitation are tolled. This is separately controlled by statute."[3]

Logically enough the next step would seem to be to look at that statute. Alas, not so; for under the holding of our Supreme Court in *Holland* v. *Eaton* (1964), 373 Mich 34, 40, that is what is *not* done:

"In light of the above, it is clear that our construction of the time limitation period in the dramshop act must lead us to only one conclusion, namely, that the intent of the legislature was to *exclude* the application to suits under the dramshop act of the savings provisions of the general statute of limitations."

Thus, the requirements of the tolling provision of the general statute of limitation, with its 90-day maximum period within which service of process could be made after the filing of the complaint, is inapplicable here. In *Troy W. Maschmeyer Company* v. *Haas* (1965), 376 Mich 289, the Supreme Court came within one vote of applying that salutary uniform period of 90 days to all statutory limitations.

2 MCLA § 600.5836 (Stat Ann 1962 Rev § 27A.5856).
3 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 34.—REPORTER.

The Court divided equally (4-4) and the decision is the law of that case only.

Now, in order to divine (and we use that term advisedly) the answer to the direct question of when process must be served in order to toll the statute in this case, we must examine a body of case law decided when "complaints" were "declarations", and equity was invoked by bill; when process was either a "summons" or a "rule to plead", and when a different rule applied, when process was delivered to an officer for service, and to a private person.

It is understandable perhaps why two learned trial judges came to diametrically opposite answers to identical questions.

Little useful purpose would be served by a detailed analysis of all the cases bearing on the question. Suffice it to say that under what is brief-referred to as the "old rule", *Detroit Free Press Company* v. *Bagg* (1889), 78 Mich 650, a suit was not commenced until process was served. This was changed by the holding in *Christe* v. *Springfield Fire & Marine Insurance Co.* (1919), 207 Mich 12. In 1923, without mentioning *Christe* or *Bagg,* the Court addressed itself to the difference between process served by an "officer" and a "qualified person".

In 1926 the Court affirmed the rule that:

"The suit was commenced when the summons was in good faith placed in the hands of the *officer* for service." *Peoples Mortgage Corporation* v. *Wilton* (1926), 234 Mich 252, 255. (Emphasis supplied.)

In 1940 the Court applied the rule concerning service in actions at law to suits in equity (*Home Savings Bank* v. *Young* [1940], 295 Mich 725, 730). In 1942 in *Nathan* v. *Rupcic* the Court proclaimed the general rule:

"The general rule relating to the commencement of suit is that a suit is commenced when the summons is in good faith placed in the hands of an officer for service." *Nathan* v. *Rupcic* (1942), 303 Mich 201, 204.

In 1954 the Court discussed *Bagg* and *Christe, Wilton, Young* and *Rupcic* in *Korby* v. *Sosnowski* (1954), 339 Mich 705. That case was started in the Common Pleas Court of Detroit. The Court relied on *Rupcic* and restated the general rule, the immediately above-quoted.

We are bound by *Holland* v. *Eaton, supra.* It is unequivocal. We must then perforce apply case law and not the provisions of the general statute of limitations. We think the case law is somewhat unclear.

As once said by Mr. Justice Brandeis, "It is often more important that the law be settled than it be settled right". We treat the question of whether service of the summons must be made within the two-year limitation period contained in the dramshop act as unsettled.

We here hold: In a suit under the dramshop act an action is instituted when the complaint is filed and the summons is placed in the hands of an officer in good faith for service.

We adopt the rule "in the hands of an officer" rather than a "suitable person" because it is the language most often used in Supreme Court case precedent. It will, unless and until changed by our court of ultimate jurisdiction, constitute a clear-cut rule for the circuit bench and bar.

We do not undertake to decide how soon after the summons is placed in the hands of an officer, service *in fact* must be made in future cases. Such anticipatory decision would be imprudent. Sufficient unto the day, the evil thereof. We hold here personal service six days after the expiration date of the limi-

tation period was reasonable and no prejudice to the
defendant in preparing his defense arose thereby.

Having held that the summons need not be served
within the two year period of limitation in the dram-
shop act; and it being brief- and record-conceded
that the complaint was filed within that period, and
that the summons was promptly delivered to the
sheriff in good faith for service, it follows Judge
Moore, the trial judge here, was correct.

The order denying the motion for accelerated
judgment is affirmed, costs to the plaintiffs-appellees.

J. H. GILLIS, P. J., concurred.


DANHOF, J. (*concurring*). I agree with the ma-
jority that the instant action was instituted within
two years as required by the statute, MCLA
§ 436.22 (Stat Ann 1969 Cum Supp § 18.993).* Hav-
ing so decided the only question then to be answered
is when service of process must be made upon the de-
fendant. I would apply the provisions of MCLA
§ 600.5856 (Stat Ann 1962 Rev § 27A.5856) which
provides:

"The statutes of limitations are tolled when
* * *

"(3) the complaint is filed and a copy of the sum-
mons and complaint in good faith, are placed in the
hands of an officer for immediate service, but in this
case the statute shall not be tolled longer than 90
days thereafter."

The facts show that the complaint and summons
were placed with the officer one day prior to the two-
year limitation and that service was made one day
after the two years, but within the 90 days provided
above. My colleagues indicate that *Holland* v. *Eaton*

_____
* The dramshop act.

(1964), 373 Mich 34, precludes the use of the statute (MCLA § 600.5856 [Stat Ann 1962 Rev § 27A.5856]), but I believe that *Holland* can be distinguished. *Holland* decided only that the case had not been properly instituted within the two-year provision, because the savings provisions of the general statute of limitations were not applicable to the provisions of MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993). The propriety of the service of process was not an issue in *Holland*. In addition, though decided in 1964 the event upon which the actions in Holland were predicated occurred on February 8, 1960 and the suits were commenced February 14, 1962; thus the rights of the parties were determined at that time. MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) became effective January 1, 1963 and I see nothing in that section which precludes its use in actions instituted under the so-called dramshop act.

I further note that this Court assumed the applicability of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) to dramshop actions in *Sera* v. *Eberlein* (1968), 11 Mich App 139, although under the facts of that case service would fail either under the majority rule or my decision.

Thus, for the reasons stated I find that the action was properly instituted as required by MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993) and that there was proper service of process on the defendant.

Affirmed, costs to the plaintiff.