### CYRIL BULLOCK *vs.* WILLIAM L. DEAN.

On the 31st of August 1844, A. sued out a writ against D., on a note dated September 15th 1838, payable on demand, and described D., in the writ, as of T. in the county of B., where he formerly resided, though he had removed to M. in the county of P., about two years before, without A.'s knowledge: The writ was delivered to an officer in the county of B., near the last day of service, who made return thereon that he could not find D. in his precinct: On the 31st of December 1844, A. sued out another writ against D., on the same note, and caused it to be served, and entered in court. *Held*, that the first action was duly commenced, and that it failed of a sufficient service by an unavoidable accident, and therefore that the second action was saved from the operation of the statute of limitations, within the meaning of the Rev. Sts. *c.* 120, § 11.

THIS was an action of assumpsit, commenced on the 31st of December 1844, upon a promissory note, given by the defendant to the plaintiff, dated September 15th 1838, and payable on demand. The defendant relied on the statute of limitations.

At the trial in the court of common pleas, before *Colby*, J. the plaintiff, for the purpose of avoiding the defence set up, showed that he sued out a writ on the same note, on the 31st of August 1844, which was put into the hands of R. Sherman

a deputy sheriff in Pawtucket, who delivered it to **E. A.** Morse, a deputy sheriff in Taunton : That in said writ the defendant was described as of the town of Taunton in the county of Bristol ; but that he was not then an inhabitant of that town, having removed therefrom to Middleborough, in the county of Plymouth, in August 1842 : That said Morse received the writ, near the last day of service, and, not being able to find the defendant in his precinct, gave it back to said Sherman, who made return thereon, that he had made diligent search, but could not find the defendant.

The defendant contended that the first action was not duly commenced, so as to avoid the operation of the statute of limitations on the present action. But the judge ruled otherwise, and a verdict was taken for the plaintiff. The defendant alleged exceptions to the judge's ruling.

*Coffin,* for the defendant, cited *Soulden* v. *Van Rensselaer,* 3 Wend. 472. *Davis* v. *West,* 5 Wend. 63. *Delaplaine* v. *Crowninshield,* 3 Mason, 329. *Smith* v. *Bower,* 3 T. R. 662. *Harris* v. *Woolford,* 6 T. R. 617. *Hume* v. *Dickinson,* 4 Bibb, 276. *Sherman* v. *Barnes,* 8 Connect. 138. *Brown* v. *Putney,* 1 Wash. 302. *Callis* v. *Waddy,* 2 Munf. 511. Ballentine on Lim. 147.                                    -

*Cushman,* for the plaintiff.

SHAW, C. J. The question here is, whether the case is saved from the operation of the statute of limitations by the facts stated. It is provided by Rev. Sts. *c.* 120, § 11, that " if, in any action duly commenced within the time in this chapter limited," (six years on a promissory note,) " the writ shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed," &c., " the plaintiff may commence a new action for the same cause, within one year after the abatement or other determination of the original suit." The original suit on this note was commenced August 31st 1844, within six years of the date of the note. The present suit was commenced December 31st 1844, within a year of the determination of the former, whether that be the last day of service, or

the return day of the first writ; no service being made thereon. The statute of limitations is therefore saved, if the service of the first writ failed by reason of unavoidable accident, or by the default or neglect of the officer.

The term "unavoidable accident," we think, must have a reasonable construction, and does not mean to limit the case to a cause which no possible diligence could guard against, but an unforeseen cause, preventing the service of the writ, where due diligence has been used, by the creditor, to commence his suit seasonably, by the due and ordinary course of law. In the present case, the creditor seasonably commenced his suit, and placed his writ, as he believed, and had good reason to believe, in the hands of a proper officer for service. But by mistake he described the residence of the debtor, as he had known it, and as it was till within a short time before, when he had changed it to another town and county, of which it does not appear that the plaintiff had any knowledge, and which the officer, who was charged with the service, did not seasonably discover. This is one of the accidents, contemplated by the statute, and brings the case within the saving provision of the eleventh section of the statute of limitations, above cited.

*Exceptions overruled.*