PEOPLE v. BRENNER.

BRENNER v. ALLEGAN CIRCUIT JUDGE.

1. BASTARDS — IMPRISONMENT FOR FAILURE TO COMPLY WITH ORDER TO PAY FOR SUPPORT OF CHILD—POOR DEBTOR'S ACT.
    Under the provisions of 3 Comp. Laws 1915, § 13628, one who was imprisoned for defaulting in making payments ordered in bastardy proceedings and who had himself sued out under the poor debtor's act (2 Comp. Laws

Arrest under body execution and discharge under poor debtor's act as a satisfaction of the debt, see note in 14 A. L. R. 505.

1915, § 7758), could not be again imprisoned for said default under the provisions of Act No. 118, Pub. Acts 1925, passed to facilitate the enforcement of orders in bastardy cases, where his case had been disposed of before the passage of said statute, even if section 13628 was thereby repealed.[1]

2. SAME — FIERI FACIAS MAY ISSUE ALTHOUGH IMPRISONMENT FOLLOWED FAILURE TO PAY AS ORDERED BY COURT.

That the father of an illegitimate child had been imprisoned for failure to make payments for the support of the child in compliance with an order of the court in bastardy proceedings does not relieve him of the obligation to pay the amount ordered, and a *fieri facias* could be issued against his goods and chattels.[2]

Error and certiorari to Allegan; Cross (Orien S.), J. Submitted April 15, 1926. (Docket Nos. 143, 144.) Decided June 7, 1926.

Albert Brenner was sentenced to imprisonment in the Michigan reformatory at Ionia for contempt in failing to comply with an order of the court in bastardy proceedings. From an order denying a petition for release in *habeas corpus* proceedings, he brings error and certiorari. Reversed, and defendant discharged.

*Clare E. Hoffman,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *John H. Bloem,* Prosecuting Attorney, for the people.

BIRD, C. J. In July, 1917, defendant Brenner was adjudged, in the Allegan circuit, to be the father of an illegitimate child. He was ordered by the court to file a bond in the sum of $500, conditioned for the support of the child until it should attain the age of 14 years. The order provided that payments of $2 a week be made by defendant, and, if default be made in complying with the order, that he be confined in

---

[1]Bastards, 7 C. J. § 151; [2]Id., 7 C. J. § 151.

the county jail until the order was complied with. Defendant did not furnish the bond in accordance with the order, neither did he make any payments towards the support of the child, and by reason thereof was confined in the county jail. After he had remained there six months he instituted proceedings under the poor debtor's act and was released.

At the legislative session of 1925 the legislature passed an act to facilitate the enforcement of orders of the court in bastardy cases, and provided:

"That in addition to such other methods of enforcing compliance with any such order as the court may employ, it shall have power to enforce performance thereof by attachment and contempt proceedings in the same manner as is or may be provided by law for the enforcement of orders for the payment of costs and alimony made in divorce cases." Act No. 118, Pub. Acts 1925.

As soon as this provision became effective, in September, 1925, proceedings were begun against defendant under this provision for the enforcement of the order in the bastardy case, upon which there was then due upwards of $800. A hearing was had and the court decreed that defendant was guilty of misconduct and contempt, and he ordered that he be confined in the Michigan reformatory at Ionia until the order in the bastardy proceedings was complied with, or until the further order of the court, but for a period not exceeding one year. Defendant reviews this order by writ of error. He also reviews by certiorari the *habeas corpus* proceedings had therein.

Among the points raised by defendant is the one that after he had sued himself out under the poor debtor's act and was released, he could not again be imprisoned for the same debt, and in support of this he cites 3 Comp. Laws 1915, § 13628:

"The debtor, after being so discharged, shall be forever exempted from arrest or imprisonment, for

the same debt, unless he shall be convicted of having sworn falsely upon his examination before the officer, or in taking the oath before prescribed."

We are of the opinion that the point is well taken. The amount fixed by the court in the bastardy case was definite and certain at $2 a week until the child was 14 years of age. True, the debt was not all due when he was imprisoned, but was, nevertheless, a debt against defendant. His default in failing to comply with the order of the court subjected him to imprisonment until he complied, or until the further order of the court. The bastardy statute has, however, a provision permitting one to sue himself out under the poor debtor's act. 2 Comp. Laws 1915, § 7758. Defendant availed himself of this privilege and was released. Several years afterwards the legislature passed an act authorizing the court to imprison persons who are in contempt for failure to comply with an order in bastardy proceedings. This act was used to again imprison defendant in the same matter.

He has been once imprisoned for a failure to comply with the court's order in the bastardy case and could not be again legally subjected to imprisonment for his failure to comply. The fact that he had been imprisoned did not relieve him of the obligation to pay the amount ordered by the court. It did not pay the debt. A *fieri facias* could be issued against his goods and chattels. See *Stephenson* v. *Purchase,* 214 Mich. 95 (14 A. L. R. 496), where this question is considered at length.

But the prosecutor argues that Act No. 118, Pub. Acts 1925, amended or repealed section 13628. We are unable to take this view of the legislation, but if it did amend or repeal that section of the statute it was several years after defendant's matter was disposed of, so it would be of no importance.

Other interesting jurisdictional questions are briefed

and discussed but, under this view, it is unnecessary to consider them.

The order committing defendant to prison is set aside and defendant released. The order made in the *habeas corpus* proceeding is reversed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.