PEOPLE *v.* JOHNSON.

1. STATUTES—CONSTRUCTION.
    In construing a statute, regard must be had for the law as it was, for the effect and purpose of the amendments changing it, and all provisions must be given effect and reconciled with each other if possible.

2. SAME—AMENDMENTS.
    Amendments to statutes dominate and modify the former law, in case of conflict.

3. BASTARDS—DISCHARGE UNDER POOR DEBTORS' ACT—CONTEMPT—SAME DEBT.
    Man, convicted in bastardy proceedings, who had been discharged under poor debtors' act after imprisonment for failure to furnish support bond *held*, properly adjudged in contempt of court and committed to county jail for failure to pay support money ordered, since the discharge covered all obligations up to the time of imprisonment but did not include subsequent instalments for enforcement of which bastardy statute provided contempt proceedings with same incidents as in divorce cases (3 Comp. Laws 1929, § 12910 *et seq.*, as amended by Act No. 8, Pub. Acts 1931, § 15365 *et seq.*).

Appeal from Ingham; Carr (Leland W.), J. Submitted January 22, 1935. (Calendar No. 38,186.) Decided March 5, 1935.

Clark Johnson was convicted of bastardy. Order denying motion to vacate order of contempt and imprisonment for failure to pay support money is reviewed by defendant on appeal in the nature of mandamus. Writ denied.

*Hood & McArthur,* for appellant.

*Harry S. Toy,* Attorney General, and *Dan D. Mc-Cullough,* Prosecuting Attorney, for the people.

FEAD, J.   February 27, 1930, defendant was convicted of bastardy, ordered to pay $5 per week to the support of the child, to give statutory bond in the sum of $1,000, and to stand committed to the Ingham county jail pending the giving of bond.   He remained in jail until April 3, 1931, when he was released on proceedings under the statute for the relief of poor debtors from imprisonment.   3 Comp. Laws 1929, § 15365 *et seq.*   June 2, 1934, he was adjudged guilty of contempt of court for wilfully violating the order of February 27, 1930, in failing to pay the sums of money required thereby, and was ordered confined in the county jail until the order is complied with, but not exceeding one year, or until the further order of the court.   The action is mandamus to require the court to vacate the judgment and order of contempt and imprisonment.

The issue is upon the construction of the statute, 2 Comp. Laws 1915, § 7753 *et seq.* (3 Comp. Laws 1929, § 12910 *et seq.,* and amendments thereto).   Defendant relies on *People* v. *Brenner,* 235 Mich. 408. The case involved application of Act No. 118, Pub. Acts 1925, to a defendant who had been convicted, imprisoned and discharged under the poor debtors' law before the amendment of 1925.   Reference to the briefs shows that Act No. 141, Pub. Acts 1925, was not brought to the attention of the court nor the combined effect of the amendments given consideration.   We think the *Brenner Case* must be confined to the situation there existing and does not control examination of the statute.

In construing the present statute regard must be had for the law as it was, for the effect and purpose

of the amendments changing it, and all provisions must be given effect and reconciled with each other if possible. Amendments dominate and modify the former law, in case of conflict.

Prior to 1925 imprisonment was not a remedy for the enforcement of an order to pay money in bastardy proceedings except in one indirect respect— that the statute, section 5 (2 Comp. Laws 1915, § 7757), required the adjudged father to give a bond to perform the order of court and indemnify the county, and provided that he could be committed to prison until he should give the bond. Imprisonment was provided as a means of compelling execution of the bond, not as a punishment, and, therefore, detention could not be in the house of correction but must be in the county jail. *In re Kaminsky,* 70 Mich. 653. A defendant, on furnishing the required bond and its approval, was entitled to release although he had not made the ordered payments. *People* v. *Wing,* 115 Mich. 698. The act provided no other means of enforcing payment by imprisonment. Section 6 (2 Comp. Laws 1915, § 7758) provided:

"Any man who shall have been imprisoned six months for having failed to comply with the order of the circuit or superior court, as provided in this chapter, shall have the benefit of the laws for the relief of poor prisoners committed on execution for debt."

The poor debtors' law, 3 Comp. Laws 1915, § 13628 (3 Comp. Laws 1929, § 15376), reads:

"The debtor, after being so discharged, shall be forever exempted from arrest or imprisonment, for the same debt, unless he shall be convicted of having

sworn falsely upon his examination before the officer, or in taking oath before prescribed.''

Discharge under such law did not release the debt nor relieve defendant of the obligation to pay the amount ordered by the court but *fieri facias* could issue. *People* v. *Brenner, supra.*

In 1925 the note of punishment was injected into the proceedings and additional remedies were adopted to enforce payment of the order.

By Act No. 118, § 4, Pub. Acts 1925 (3 Comp. Laws 1929, § 12913), (also, Act No. 8, Pub. Acts 1931), under which the proceeding at bar was had, was amended by adding a provision for modification of the order and also:

"That in addition to such other methods of enforcing compliance with any such order as the court may employ, it shall have power to enforce performance thereof by attachment and contempt proceedings in the same manner as is or may be provided by law for the enforcement of orders for the payment of costs and alimony made in divorce cases."

Section 5 was amended by Act No. 141, Pub. Acts 1925 (and, in other respects, later by Act No. 263, Pub. Acts 1929, and Act No. 8, Pub. Acts 1931), by providing for summary judgment and execution against the principal and sureties in the bond, imposing the judgment as a lien on real estate, and—

"Said judge shall also have power in case of default in the payment, when due, of any instalment or instalments, or any part thereof, in the condition of said bond mentioned, to adjudge the reputed father of such child guilty of contempt of said court, by reason of the nonpayment aforesaid, and to order

him to be committed to the Detroit house of correction or the county jail where his earnings, or a portion thereof, shall be applied to the support of such child, but for a period not exceeding one year or until the amount of said instalment or instalments so due, shall be fully paid. But the commitment of such reputed father shall not operate to stay or defeat the obtaining of judgment and the collection thereof by execution as aforesaid: *Provided,* That the rendition and collection of judgment, as aforesaid, shall not be construed to bar or hinder the taking of similar proceedings for the collection of subsequent instalments on said bond, as they shall become due and remain unpaid.''

Section 6 was amended by Act No. 263, Pub. Acts 1929, but only in substituting one year for six months as the period of imprisonment before defendant should have the benefit of the poor debtors' law.

Sections 4 and 5 do not overlap. Each covers a specific situation and remedies therefor. Section 4 is confined to trial, conviction, order to pay money and its enforcement and has no reference to the bond. The contempt proceedings in it are directed to the enforcement of the order, are the same as in divorce cases, and, therefore, involve ability to pay and imprisonment at the discretion of the court, failing compliance with the order. Section 5 is devoted exclusively to the bond; contempt proceedings under it are for breach of the bond and imprisonment is limited to a maximum term; whether the bond is given or not, imprisonment does not rest upon ability to pay. Each section should be given force according to its purpose.

Section 5 provides a remedy by imprisonment both where the bond is not given and where it is

given and breached. If, then, in either case, discharge under the poor debtors' law bars further imprisonment, the amendment to section 4, providing contempt proceedings to enforce the order to pay money, has no useful function to perform and is superfluous or surplusage. There could be no occasion for invoking it while defendant is in jail under section 5. It would have no use except, possibly, as an alternative to section 5 for breach of a condition of the bond, a use not contemplated by the statute nor necessary. Such construction is not admissible because it would leave the remedy in section 4 substantially abortive and subordinates the amendment to the old law.

The difficulties which arise from defendant's contention may be obviated and the statute read harmoniously if a meaning in conformity with both statutes be given the words "the same debt," for which exemption from further imprisonment is provided by 3 Comp. Laws 1929, § 15376. Under the poor debtors' act "the same debt" is "the amount due on such execution." 3 Comp. Laws 1929, § 15366. Under the former bastardy act "the same debt" for which defendant was imprisoned and released was not the money ordered to be paid by him but the obligation to give a bond. In both cases "the same debt" was the obligation due at the time of imprisonment. It is true that release on failure to give bond had the practical effect of barring further imprisonment for noncompliance with the order, but such result arose because the statute provided no other remedy. It was the evident purpose of the amendment to section 4 to provide such remedy.

All parts of the statute are given full and harmonious effect if we hold, as we do, that dis-

charge under the poor debtors' act covers obligations accruing to the time of imprisonment, and section 4 provides a remedy, by contempt proceedings with the same incidents as in divorce cases, for the collection of subsequent instalments on the order.

Writ denied.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.