The ÆTNA CASUALTY AND SURETY COMPANY, a Connecticut corporation, subrogee of the Community National Bank of Pontiac, Plaintiff,

v.

William Raymond PATTERSON, Defendant.

Civ. A. No. 16057.

United States District Court
E. D. Michigan, S. D.

June 27, 1958.

Merle R. Jenkins, Jr., Mansfield, De-Witt & Sulzbach, Detroit, Mich., for plaintiff.

James E. Haggerty, Jr., Detroit, Mich., for defendant.

LEVIN, District Judge.

The defendant's motion to dismiss on the ground that the action is barred by the statute of limitations is denied.

The defendant, William Raymond Patterson, during the period September 30, 1950 through February 6, 1951, forged several United States, Series "E", Savings Bonds and cashed them at the Community National Bank of Pontiac. He was apprehended, convicted and sentenced to a term of imprisonment.

The tolling of a statute of limitations in a diversity case is determined by state law. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. In Michigan a suit is commenced when the summons is in good faith placed in the hands of an officer for service. Nathan v.

784

Rupcic, 303 Mich. 201, 6 N.W.2d 484. Within this rule The Aetna Casualty and Surety Company, subrogee of the Community National Bank, commenced a timely action on September 25, 1956 against the defendant for recovery of the fraudulently procured funds. The marshal certified that the defendant was served with the declaration and summons on October 3, 1956. On December 30, 1957 an order of default was entered. On January 27, 1958 defendant moved to set aside the return of service and the order of default on the ground that he had not been properly served. After hearing the evidence I determined that defendant did not reside at the address where the summons was served at the time of service, and granted the motion. Plaintiff secured the issuance of a new declaration and summons on January 28, 1958, and both were served on defendant on February 7, 1958. Although the new summons was issued and served after the statute of limitations had expired, there was no break in the continuity of the prosecution of the suit instituted on September 25, 1956, and the defendant may not interpose the statute of limitations as a defense.

It also may be noted that the issuance of the summons and declaration on January 28, 1958 may be considered as the commencement of a new action under Comp.Laws 1948, § 609.19, M.S.A. § 27.611, which provides in part that:

"If, in any action, duly commenced within the time limited in this chapter, and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed * * * the plaintiff may commence a new action for the same cause, at any time within [one] 1 year after the abatement or other determination of the original suit * * *."

If the misstatement in the marshal's return that the defendant had been served by "leaving a true and correct copy of the summons and complaint with his mother * * * at their residence * * *" was due to the fault of the marshal, such failure comes within the remedial intendment of the statute. If the misstatement was not due to the fault of the marshal, then the plaintiff was prevented by justifiable reliance on the return from effecting proper and timely service by "unavoidable accident." Bullock v. Dean, 12 Metc. 15, 53 Mass. 15.

An appropriate order may be submitted for signature.