Henry **HARABURDA**, Plaintiff,

v.

**UNITED STATES STEEL CORPORA-
TION**, a corporation, Defendant.

**Civ. A. No. 3578.**

United States District Court
W. D. Michigan, S. D.

Feb. 27, 1960.

See, also, 187 F.Supp. 86.

80

Alexander, Cholette, Buchanan, Perkins & Conklin and Paul E. Cholette and William D. Buchanan, Grand Rapids, Mich., for plaintiff.

Uhl, Bryant, Wheeler & Upham and Gordon B. Wheeler, Grand Rapids, Mich., for defendant.

STARR, Chief Judge.

The plaintiff, a citizen of Michigan residing in Kent county, began this action in the circuit court of Kent county on November 26, 1958, against the defendant, a New Jersey corporation authorized to do business in Michigan, to recover damages resulting from personal injuries. This action was commenced by the issuance of summons dated November 26, 1958, which was served on the defendant's legally-designated resident agent in the city of Detroit, Wayne county, Michigan, on November 28th. The plaintiff filed his declaration in the circuit court on December 15, 1958, and a copy thereof was served on the defendant.

In his declaration the plaintiff alleged that his employer, the American News Company, Inc., had leased an electric wire-tying machine from the defendant through its Gerrard Steel Strapping division, to be used for the bailing of magazines and other news material, and had purchased bailing wire from the defendant to be used in the machine. Plaintiff alleged that at all times the title to the leased wire-tying machine remained in the defendant. He further alleged that "on or about" December 7, 1955, while using the wire-tying machine in the bailing of magazines, the wire on a bundle being bailed broke and flew up in his face, causing severe facial and eye injuries. He further alleged that the defendant was careless and negligent in the manufacture and inspection of its wire-tying machine and in the manufacture of bailing wire for use in the machine; that defendant warranted that the machine was reasonably fit for the use and purpose for which it was intended; and that defendant's carelessness, negligence, and breach of warranty were the direct and proximate cause of his injuries and resulting damages.

On January 2, 1959, the defendant removed the action from the circuit court of Kent county to this court on the basis of diversity of citizenship, 28 U.S.C. § 1441(a), and on January 6th filed motions to quash service of summons, to strike the declaration, and to dismiss the action. It based its motion to quash service of summons on the ground that this is a personal transitory action at law commenced in Kent county where the plaintiff resides against the defendant Steel Corporation, which resides outside the county, and that as the summons was served outside the county where the suit was commenced, contrary to the provisions of Comp.Laws Mich.1948, § 613.27, subd. 4, the service was void and ineffective and the circuit court of Kent county did not acquire personal jurisdiction over the defendant in the first instance, and therefore that this Federal court did not acquire jurisdiction upon removal. The defendant based its motions to strike the declaration and to dismiss the action on the ground that as the plaintiff's declaration was filed December 15, 1958, which was more than three years after the alleged cause of action arose on December 7, 1955, the plaintiff's cause of action was barred by the State statute of limitations, Comp.Laws Mich.1948, § 609.13, subd. 2,[1] and that the filing of the declaration on December 15, 1958, was in effect an attempt to assert a new cause of action after the statute of limitations had run.

---

1. § 609.13: "2. Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards."

■ Before considering the question as to whether the circuit court of Kent county acquired personal jurisdiction of the defendant by service of summons on the defendant's resident agent in Wayne county, it should be noted that the jurisdiction of this Federal court on removal is derivative and depends upon whether the State court had jurisdiction. That is, if the circuit court of Kent county did not acquire personal jurisdiction of the defendant, this court did not acquire jurisdiction upon removal. In Lambert Run Coal Company v. Baltimore & Ohio Railroad Company, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671, the Supreme Court said:

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

See also Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L. Ed. 1509; WSAZ, Inc., v. Lyons, 6 Cir., 254 F.2d 242, 244; Garden Homes, Inc., v. Mason, 1 Cir., 238 F.2d 651, 653; Petroleum Carrier Corporation v. Carter, 5 Cir., 233 F.2d 402, 404; Block v. Block, 7 Cir., 196 F.2d 930, 933.

■ The summons or process issued in the action in the circuit court of Kent county on November 26, 1958, was served upon the Corporation Company, the legally-designated resident agent of the defendant, in Wayne county, Michigan, on November 28th. Comp.Laws Mich.1948, § 613.29, provides in part:

"Provided, That when any corporation shall appoint a resident agent and file a certificate of such appointment as by law required, such resident agent shall continue to be an agent *for the service of process* until a certificate of change of resident agent shall be filed with the secretary of state as by law required."

Comp.Laws Mich.1948, § 613.27 as amended by Act No. 13, Pub.Acts 1955, relating to service of process, provides (it should be noted that only subd. 3 was amended):

"All civil process issued from any court of record may be served anywhere within the state where the party upon whom service is to be made may be found, in the following cases:

"1. When the process is issued out of a court in chancery;

"2. When the process is issued out of a court at law, when the suit is brought in the county where the defendant, or 1 of the defendants if there be more than 1, resides;

"3. In ejectment cases and *in all other cases* [when] suit is required [or permitted] by law to be brought [, and is brought] in the county where the subject matter of the suit [or any part thereof] is located or where the cause of action [, or any part thereof,] arose; [2]

"4. In any suit brought upon any bond required by law to be filed in any probate court. When a personal transitory action at law is commenced in the county where the plaintiff resides, against a defendant or defendants residing without the county, service of process must be had in the county where the suit is commenced. If such service is had upon 1 defendant within such county, the remainder of the defendants may be served anywhere in the state."

Comp.Laws Mich.1948, § 610.1 as amended by Act No. 13, Pub.Acts 1955, relating to venue provides as follows:

"2. All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where 1 of the parties shall reside at the time of commencing such action: Provided, That actions founded upon wrongs may also be commenced and

---

2. Words in brackets in subd. 3 were added by the 1955 amendment.

tried in any county where the cause of action, or any part thereof, arose."

The plaintiff contends that as this action was begun in Kent county, in which the cause of action arose, the service of process on the defendant in Wayne county was valid legal service under subd. 3 as amended of § 613.27 and gave the circuit court jurisdiction of the defendant, and therefore that this court had jurisdiction on removal. On the other hand, the defendant contends that this is a personal transitory action at law commenced in Kent county, where the plaintiff resides, against the defendant, residing without the county, and that under subd. 4 of § 613.27 service of process "must be had in the county where the suit is commenced," and therefore that the service of process upon the defendant in Wayne county was void and did not give the circuit court jurisdiction.

It should be noted that subd. 3 of § 613.27 relating to service of process, and subd. 2 of § 610.1 relating to venue, were both amended by Act No. 13, Pub.Acts 1955. It should further be noted that the amendatory act did not amend subd. 4 of § 613.27. Furthermore, it appears that subd. 3 of § 613.27 providing for the service of process anywhere within the State, and subd. 2 of § 610.1 providing for venue in the county where a cause of action arose, were both amended in pursuance of the recommendations of the committee on civil procedure of the State Bar of Michigan. In the report of the committee, 31 Michigan State Bar Journal, Sept. 1952, p. 23, it is stated:

"In recommending the amendment of the venue statute to provide for trial at the place of the wrong, the committee is acting in accordance with the legislative committees and judicial administrators throughout the United States. In a large number of other states it has recently been provided that in tort actions, the action can be commenced and tried at the place where the cause of action or a part thereof arose and in such states it is found to be a very

satisfactory venue provision. If this statute is to be amended, then of course it will be necessary to amend the service of process statute to provide for state-wide service of process in such cases where the action is commenced at the place of the wrong."

In a subsequent report of the committee on civil procedure, 32 Michigan State Bar Journal, Sept. 1953, p. 28, it is stated:

"The committee recommends that the statutes of the state be amended so as to provide in actions founded on wrongs that the action may be commenced in the county where the cause of action or a part thereof arose, and in such cases to authorize state-wide service of process."

It is significant that the legislature by Act No. 13, Pub.Acts 1955, amended both subd. 3 of § 613.27 relating to service of process, and subd. 2 of § 610.1 relating to venue, in the same form and wording as were recommended by the committee on civil procedure of the State Bar in 1954. See 33 Michigan State Bar Journal, Sept. 1954, p. 32. It is clear that subd. 3 of § 613.27 was amended to provide that when suit is brought in the county where the cause of action arose, service of process may be made anywhere in the State, in order to make the service-of-process statute consistent with the amendment of the venue statute, subd. 2 of § 610.1, which provides that tort actions may be commenced and tried in any county where the cause of action arose.

Under subd. 3 of § 613.27 as amended, when a tort action is begun in the county where the cause of action arose, process may be served anywhere in the State. Under subd. 4 of that section (which was not amended), when suit is begun in the county where the plaintiff resides against a defendant residing without the county, service must be had in the county where the suit is commenced. As subds. 3 and 4 of § 613.27 relating to service of process are incompatible and in conflict, the court must de-

termine which provision governs service of process in the present case. Counsel have cited no decision of the Supreme Court of Michigan, and this court finds no decision, determinative of the question as to which statutory provision is applicable here, and therefore we must consider the established rules of statutory construction. It is a general rule that a material change of a statute by amendment thereof evidences a purpose and intent to change the effect of the existing law. In Bonifas-Gorman Lumber Co. v. Unemployment Compensation Commission, 313 Mich. 363, 369, 21 N.W.2d 163, 165, the court said:

"It is a general rule of statutory construction that an amendment is to be construed, unless a different intent is manifest, as changing the statute amended."

In re Loakes' Estate, 320 Mich. 674, 679, 32 N.W.2d 10, 12, the court said:

"A material change in language in the amendment or re-enactment of a statute must be regarded, unless otherwise indicated, as evidencing a purpose to change the force and effect of the existing law."

In Detroit Club v. State of Michigan, 309 Mich. 721, 732, 16 N.W.2d 136, it is stated:

"The applicable rule of law in the premises was settled by this court in People v. Lowell, 250 Mich. 349, 230 N.W. 202, 204. We there said:

" 'An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute. Repugnancy is not the essential element of implied repeal of specifically amended sections. The rule is:

" ' "Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there." 25 R.C.L. [p.] 907. * * *

" 'The provisions carried over have their force from the new act, not from the former. 1 Lewis' Sutherland Statutory Construction (2d Ed.), [§] 237.' "

In Lawrence Baking Co. v. Unemployment Compensation Commission, 308 Mich. 198, 208, 13 N.W.2d 260, 263, 154 A.L.R. 660, the Supreme Court of Michigan said:

"Furthermore, the legislature had the power to adopt the amendment and, if a conflict with said section 2 resulted, the amendment must control. As said in People v. Johnson, 270 Mich. 622, 624, 259 N.W. 343, 344, 'amendments dominate and modify the former law, in case of conflict.' "

In 82 C.J.S. Statutes § 384, p. 897, it is stated:

"If there is an irreconcilable conflict, the amendatory act will control, as being the latest expression of the legislature; and where the specifications, in the introductory part of an amendatory act, of the changes made in the original act are absolutely irreconcilable with that part which contains a recital of the act as amended, the latter will generally be taken as representing the legislative intent."

See also Freiborg v. Chrysler Corporation, 350 Mich. 104, 106, 85 N.W.2d 145; Detroit Edison Company v. Janosz, 350 Mich. 606, 613, 87 N.W.2d 126; Detroit Edison Company v. Department of Revenue, 320 Mich. 506, 518, 31 N.W.2d 809; People v. Johnson, 270 Mich. 622, 623, 624, 259 N.W. 343.

The foregoing authorities establish the rule in Michigan that where an amendment of a statutory provision is in conflict with the provisions of a statute not amended, the provisions of the amendment are given preeminence and will control. It seems clear that by the passage of Act No. 13, Pub.Acts 1955, which amended both the venue statute, § 610.1, subd. 2, and the service-of-process statute, § 613.27, subd. 3, the legis-

lature intended to expand the scope of those two statutes and make the provisions relating to venue and service of process consistent with each other.

Furthermore, entirely aside from the conflict between subds. 3 and 4 of § 613.-27 hereinbefore discussed, it could be argued with considerable force that the service of the summons upon defendant's resident agent in Wayne county was valid legal service under Comp.Laws Mich. 1948, § 613.31, which expressly provides that "in all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this state * * *. If such corporation has a legally designated agent or attorney in this state, appointed in pursuance of statute for that purpose, service of process may also be made upon such agent or attorney." See Fraser v. Collier Construction Co., 297 Mich. 641, 649, 298 N.W. 313.

For the reasons hereinbefore stated the court concludes: (1) That subd. 3 as amended of § 613.27 supersedes subd. 4 of that section, which was not amended, and is controlling as to the legality of the service of process in the present action; (2) that as the plaintiff's suit was begun in the circuit court of Kent county, in which his cause of action arose and which was the proper county of venue, service of process could under subd. 3 as amended be made upon the defendant in Wayne county; and (3) that service of process upon the defendant's legally-designated resident agent in Wayne county gave the circuit court of Kent county personal jurisdiction of the defendant and therefore this court had jurisdiction on removal.

█ The court will next consider the defendant's motion to strike the plaintiff's declaration on the ground that it was filed December 15, 1958, after the plaintiff's alleged cause of action was barred on December 7th under Comp. Laws Mich.1948, § 609.13, subd. 2, supra, and that the filing of the declaration on December 15th was in effect an attempt to assert a new cause of action after the statute of limitations had run. Comp. Laws Mich.1948, § 613.4, provides as follows:

"All actions at law in any court of record, except mandamus, quo warranto, and certiorari, may be commenced either,

"1. By original writ; or

"2. By filing in the office of 1 of the clerks of the court, a declaration upon which is indorsed a notice in substantially the following form: * * * And either of said methods may be used in any case, notwithstanding the provisions of any general, local or special act, or city or village charter to the contrary. If such action shall be commenced by original writ, plaintiff shall file his declaration in the office of the clerk within 15 days after issuance of such writ."

█ The present action was commenced by original writ or summons issued and placed in the hands of a process server on November 26, 1958, and served on the defendant's resident agent November 28th. The law is well established in Michigan that an action is commenced when a writ or summons is issued and placed in the hands of an officer for service. In Nathan v. Rupcic, 303 Mich. 201, 204, 6 N.W.2d 484, 485, the Supreme Court said:

"The general rule relating to the commencement of suit is that a suit is commenced when the summons is in good faith placed in the hands of an officer for service."

In Harvey v. Detroit Fire & Marine Insurance Co., 120 Mich. 601, 605, 606, 79 N.W. 898, 899, the Supreme Court said:

"What was done here comes within the rule as stated by Justice Montgomery in Peck v. Insurance Co., supra (102 Mich. 52, 60 N.W. 453): 'The commencement of suits consists of suing out the summons, and delivering or transmitting it to an officer, with the *bona fide* intention of having it served.' I do not under-

stand that not only must the summons be taken out, but it must be given to an officer and served, before the statute of limitations begins to run, to constitute the commencement of a suit; but it will be sufficient if the summons is taken out before the statute begins to run, with the *bona fide* intention of having it served, and placing it in the hands of an officer and having it served during its life. Angell on Limitations (section 312) says: 'The general rule appears to be, in this country, that at the time of suing out the writ the action commences; and either when the writ is delivered to the sheriff or to his deputy, or when it is sent to either of them, with a *bona fide* intention to be served upon the defendant, it is considered to have issued.' "

See also Aetna Casualty and Surety Company v. Patterson, D.C., 163 F.Supp. 783; Korby v. Sosnowski, 339 Mich. 705, 710, 64 N.W.2d 683; Home Savings Bank v. Young, 295 Mich. 725, 730, 295 N.W. 474; People's Mortgage Corporation v. Wilton, 234 Mich. 252, 255, 208 N.W. 60; Taylor v. Mathews, 224 Mich. 133, 136, 194 N.W. 533.

Therefore, the court concludes that the present action was commenced when summons was issued and placed in the hands of the process server on November 26, 1958.

■ The plaintiff began this suit by the issuance of an original writ on November 26, 1958, but failed to file his declaration within 15 days thereafter as required by § 613.4, subd. 2, hereinbefore quoted. The defendant contends that the filing of the declaration on December 15th, which was after the 3-year statute of limitations would have barred plaintiff's action on December 7th, was in effect an attempt to assert a new cause of action, and that the declaration should be stricken and the action dismissed. However, this court is convinced that the requirement for the filing of the declaration within 15 days after the commencement of the suit is not mandatory and that, while the plaintiff might have been subject to default for failure to file within that period, the default was cured by the subsequent filing. In Smak v. Gwozdik, 293 Mich. 185, 188, 291 N.W. 270, 271, the court said:

"The statute 3 Comp.Laws 1929, § 14067, (Stat.Ann. § 27.734) provides that if an action shall be commenced by original writ, plaintiff shall file his declaration in the office of the clerk within 15 days after the issuance of said writ. However, this court has upon numerous occasions held that the requirement for the filing of the declaration within said period is not mandatory and that, while the plaintiff might be subject to default for failure to file within such period, such default can be cured by a subsequent filing."

See also Sczesny v. Wayne Circuit Judge, 245 Mich. 438, 440, 222 N.W. 759; Goodspeed v. Smith, 161 Mich. 688, 689, 690, 126 N.W. 975.

In summary, this action was commenced by original writ issued November 26, 1958, and the writ was served November 28th before the statute of limitations had run. The declaration as the initial pleading in the action was filed December 15th, and as plaintiff's default for failure to file his declaration within the 15-day period was not entered, the court holds that his default was cured by the subsequent filing on December 15th. Therefore, the filing of the declaration on December 15th, after the statute of limitations had run, was not the assertion of a new cause of action as contended by the defendant.

For the reasons hereinbefore stated the court concludes that the defendant's motions to quash service of process, to strike the plaintiff's declaration, and to dismiss the action should be denied. An order denying the defendant's motions will accordingly be entered. No costs will be allowed.

The defendant is granted 20 days from this date within which to file its answer to plaintiff's declaration, which in this court is considered as a complaint.