FLUTER v. MAHON.

VENUE—TORTS—SERVICE OF PROCESS.

> Venue statute specifically providing that "actions founded upon wrongs may also be commenced and tried in any county where the cause of action, or any part thereof, arose" included by way of amendment in the same statute that amended the service-of-process statute permitting service of process anywhere in the State where the action was commenced in the county where the cause of action or any part thereof arose, justified denial of motion to quash service of process made in Macomb county in an action for personal injuries which arose and was commenced in Wayne county (CL 1948, §§ 610.1, 613.27, as amended by PA 1955, No 13).

Appeal from Wayne; Piggins (Edward S.), J. Submitted October 3, 1961. (Docket Nos. 6, 7, Calendar Nos. 49,048, 49,049.) Decided December 28, 1961.

Case by Joseph Fluter against Eugene V. Mahon, doing business as Mahon-Detroit, for personal injuries sustained when struck by steel while truck was being unloaded. Bernice Fluter, in separate suit, asks compensation for consortium and for loss of services of husband. Defendant's motion to quash service of process made in adjoining county denied. Defendant appeals. Affirmed.

*Gussin, Weinstein & Kroll* (*William J. Weinstein,* of counsel), for plaintiffs.

*Crawford, Sweeny, Dodd & Kerr,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
42 Am Jur, Process § 23 *et seq.*
56 Am Jur, Venue §§ 14–17.

KELLY, J.   These actions are the result of personal injuries sustained by plaintiff Joseph Fluter in January, 1958, when steel being unloaded by defendant's agents from defendant's truck flew off the truck and struck plaintiff.   The accident occurred in Wayne county where plaintiffs resided.   Defendant's business and residence were in Macomb county.

Plaintiffs commenced suits in Wayne county and the processes, issued from the Wayne county circuit court, were served upon defendant at his residence in Macomb county by a deputy sheriff of Macomb county.   Defendant filed special appearances and moved to quash such service on the ground that it was made on him, a resident of Macomb county, in Macomb county, and was not made on him in Wayne county.   It is undisputed that plaintiffs' actions are personal transitory actions.   From orders denying motions to quash service of process, defendant appeals.

The service of process statute, PA 1915, No 314, ch 13, § 27, was amended by PA 1955, No 13, by inserting certain words in subparagraph 3 thereof.   This statute with words in brackets inserted by the 1955 amendment provides:

"All civil process issued from any court of record may be served anywhere within the State where the party upon whom service is to be made may be found, in the following cases:

"1. When the process is issued out of a court in chancery;

"2. When the process is issued out of a court at law, when the suit is brought in the county where the defendant, or 1 of the defendants if there be more than 1, resides;

"3. In ejectment cases and in all other cases [when] suit is required [or permitted] by law to be brought [, and is brought] in the county where the subject matter of the suit [or any part thereof] is

located or where the cause of action [, or any part thereof,] arose;

"4. In any suit brought upon any bond required by law to be filed in any probate court. When a personal transitory action at law is commenced in the county where the plaintiff resides, against a defendant or defendants residing without the county, service of process must be had in the county where the suit is commenced." (CLS 1956, § 613.27, Stat Ann 1959 Cum Supp § 27.757.)

Appellant states: "It is apparent that a seeming conflict exists as between section (subparagraph) 3 of the first paragraph and the last paragraph of the statute."

Appellees describe the question presented in this appeal as follows:

"The issue is narrowed down as to what was the intent of the legislature in amending section 3 (subparagraph 3 of section 27) of the act by the insertion of the following words: 'when', 'or permitted', 'and is brought', 'or any part thereof'."

There is no legislative history available which may be used as an aid in interpreting the intent of the legislature, but it is conceded that the amendment was adopted pursuant to recommendations of the committee on civil procedure of the State Bar of Michigan. In volume 31 of the Michigan State Bar Journal (September, 1952) we find the following (pp 21, 23):

"The committee recommends that the statutes of the State be amended so as to provide in actions founded on wrongs that the action may be commenced in the county where the cause of action or a part thereof arose, and in such cases to authorize State-wide service of process. * * *

"In recommending the amendment of the venue statute to provide for trial at the place of the wrong, the committee is acting in accordance with the

legislative committees and judicial administrators throughout the United States. In a large number of other States it has recently been provided that in tort actions, the action can be commenced and tried at the place where the cause of action or a part thereof arose and in such States it is found to be a very satisfactory venue provision. If this statute is to be amended, then of course it will be necessary to amend the service of process statute to provide for State-wide service of process in such cases where the action is commenced at the place of the wrong."

Appellant states that: "The amendments as recommended by the committee were adopted in substantially the form as set forth."

The first departure from the provisions of subparagraph 4 of section 27, chapter 13, PA 1915, No 314, which state that "when a personal transitory action at law is commenced in the county where the plaintiff resides, against a defendant or defendants residing without the county, service of process must be had in the county where the suit is commenced," became effective August 13, 1954, by PA 1954, No 16 (CLS 1956, § 257.404, Stat Ann 1960 Rev § 9.2104) by providing:

"In any tort action for the recovery of damages to person or property resulting from the operation of 1 or more motor vehicles, where the action is brought in the county where the cause of action arose, process from any court of record may be served anywhere within the State where the party upon whom service is to be made may be found."

This 1954 enactment was followed in 1955 (PA 1955, No 13) by not only the amendment to subparagraph 3 of section 27 of the service of process statute above referred to, but, also, by an amendment to the venue statute (CLS 1956, § 610.1, Stat Ann 1959 Cum Supp § 27.641). The pertinent portion of the venue

statute (with all words contained within the brackets being the amendment effective October 14, 1955) is as follows:

"Actions shall be commenced and tried in the proper county as follows: *   *   *

"2. All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where 1 of the parties shall reside at the time of commencing such action: [Provided, That actions founded upon wrongs may also be commenced and tried in any county where the cause of action, or any part thereof, arose:] Provided, That in any tort action for the recovery of damages to person or property resulting from the operation of 1 or more motor vehicles, such action may also be commenced and tried in the county where the facts happened out of which the cause of action arose."

No decision of this Court is determinative of the question presented. The decision of the Wayne circuit court denying the motions to quash service of process is consistent with the recent decision of the United States district court for the western district of Michigan: *Haraburda* v. *United States Steel Corporation* (1960), 187 F Supp 79, and we adopt for the purpose of instant decision the conclusion Judge Starr reached in that case (p 84):

"For the reasons hereinbefore stated the court concludes: (1) That subdivision 3 as amended of section 613.27 supersedes subdivision 4 of that section, which was not amended,* and is controlling as to the legality of the service of process in the present action; (2) that as the plaintiff's suit was begun in the circuit court of Kent county, in which his cause of action arose and which was the proper county of venue, service of process could under subdivision 3 as

* See quotation, *supra*, with amendments indicated.—REPORTER.

amended be made upon the defendant in Wayne county; and (3) that service of process upon the defendant's legally-designated resident agent in Wayne county gave the circuit court of Kent county personal jurisdiction of the defendant and therefore this court had jurisdiction on removal."

The parties hereto agree that the precise question we are called upon to decide is this:

In a suit for negligence the plaintiff has commenced in the county where his cause as alleged (or any part thereof) has arisen, that being the county of his residence, may process issued against the defendant, the latter not being a resident of such county, be validly served other than in such county?

We answer in the affirmative, as did the trial judge.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.