KNAPP v. MOSIER.

PLEADING—LATE FILING OF DECLARATION—CURING OF DEFAULT—STAT-
UTE OF LIMITATIONS.
The entry of a default for failure to file a declaration within 15·
days from time of service of summons is not mandatory and
where such failure is held to have been cured by a late filing
of a declaration, such declaration may not be said to be the
assertion of a new cause of action barred by the statute of
limitations, as the filing of the declaration relates back to the
time of issuance of the summons.

Appeal from Branch; Andrews (Mark S.), J.
Submitted December 4, 1963. (Calendar No. 113,
Docket No. 50,152.) Decided February 3, 1964.

Case by Luella Knapp against Charles Mosier and
Paul L. Rial for personal injuries sustained in fall
on ice. Cause dismissed for failure of timely filing of
declaration. Plaintiff appeals. Reversed and re-
manded for trial.

*Clay T. Brockman,* for plaintiff.

*McAuliffe & Harbert (Joseph W. McAuliffe,* of
counsel), for defendants.

KELLY, J. This is an appeal from a circuit court
order of September 4, 1962, of dismissal which was
entered on the same day the trial court set aside a

REFERENCES FOR POINTS IN HEADNOTE
30A Am Jur, Judgments §§ 198–200.

default filed by defendants against appellant for failure to file a declaration within 15 days of issuing of summons. The dismissal was on the ground that said cause of action was then barred by the 3-year statute of limitations for tort actions.

Summons issued and was served on defendants in this lawsuit on March 16, 1962. The applicable statute of limitations would have barred the cause of action on March 18, 1962. The appearance of appellees' attorney was filed March 27, 1962.

On July 12, 1962, appellees defaulted appellant for not having filed a declaration within 15 days after the commencement of the action, in accordance with Michigan Court Rule No 27 (1945) then in effect, and moved to dismiss the cause of action.

On August 29, 1962, appellant filed a declaration alleging that appellees negligently allowed ice to form on their sidewalk which caused appellant to fall and fracture her ankle on or about March 18, 1959. Along with her declaration, appellant filed an affidavit of merits claiming that her failure to prepare a declaration at an earlier date was caused by her attorney's illness within the past year and, also, filed a motion requesting the circuit court to set aside the default and allow the filing of the declaration.

The lower court ruled the default against appellant should be set aside because of the alleged illness of appellant's attorney. The court also ruled that there had been a break in the continuity of this lawsuit inasmuch as the declaration was not filed until some 5-1/2 months after the summons had issued and that such a lengthy delay was fatal to appellant's cause of action.

Appellant, in this appeal, relies on the case of *Haraburda* v. *United States Steel Corporation* (WD Mich), 187 F Supp 79, to support her contention that the statute of limitations should not be held to

have barred her cause of action. In that case plaintiff began his action by issuance of summons on November 26, 1958, which summons was served on November 28, 1958, before the 3-year statute of limitations had run on December 7, 1958. Plaintiff did not file his declaration until December 15, 1958. Defendant made no motion for a default because of the failure to file a declaration, but, instead, argued that the filing on December 15, 1958, was in effect an attempt to assert a new cause of action and thus the declaration should be stricken and the action dismissed. The court held, however, that while the plaintiff might have been subject to default for failure to file within the 15-day period, that such filing was not mandatory and so the default was cured by the subsequent filing, which was held not to be the assertion of a new cause of action.

Appellees herein contend that the case of *Yeager* v. *Mellus,* 328 Mich 243, should be controlling on this appeal. In that case plaintiff filed a declaration with notice to plead thereon and 100 days later caused service of a copy of said declaration and notice to plead to be made on defendant. Defendant made a motion to quash the service because of claimed discontinuity of the suit, and to dismiss the case as barred by the statute of limitations. The Court stated (p 248):

"It is not to be inferred that this Court in making the court rules either intentionally or inadvertently omitted all requirements of promptitude as to the plaintiff who files his declaration with notice to plead and of compliance with the time limit of 3 months, in Court Rule No 13 (1945).

"Merely filing a declaration with notice to plead, is of course no notice at all. Waiting more than 3 months with nothing of record to excuse the delay is not due diligence. * * *

"The service of a copy of the declaration and notice to plead was not made within 3 months of the filing of the declaration. The suit had been begun but there was a discontinuity of the suit at the end of 3 months without service. The motion to quash the service and dismiss the case with prejudice should have been granted."

We agree with appellant that the reasoning applied in the *Haraburda Case, supra,* should be applied in the instant case. When the lower court set aside the default on September 4, 1962, he thereby made the declaration filed on August 29, 1962, binding and effective because said declaration then related back to the issuing of the summons on March 16, 1962, and the statute of limitations was thereby tolled.

The ruling of the lower court is reversed and the case is remanded for trial in accordance with this finding. Costs to appellant.

Kavanagh, C. J., and Dethmers, Black, Souris, Smith, and O'Hara, JJ., concurred.

Adams, J., took no part in the decision of this case.