BERNARD v JOHNSON

Docket No. 52890. Submitted December 12, 1980, at Lansing.—Decided February 18, 1981. Leave to appeal applied for.

More than six months prior to the August, 1980, primary election, the Scio Township Board adopted a resolution abolishing the office of constable in the township. William P. Bernard, the then duly elected constable for Scio Township, filed nominating petitions to appear on the August primary ballot and filed a complaint in the Washtenaw Circuit Court against Paul H. Johnson and four other members of the board seeking a judgment declaring their action in adopting the resolution to be invalid. The court, Ross W. Campbell, J., ordered the township clerk to take the necessary steps to place plaintiff on the ballot, granted summary judgment for defendants and requested plaintiff to appeal, which he did. *Held:*

A township board of trustees may determine, at least six months prior to the township primary election preceding the general election, that no constables shall be elected at the next election.

Affirmed.

ELECTIONS — TOWNSHIPS — CONSTABLES — STATUTES.

A township board of trustees may determine, at least six months prior to the township primary election preceding the general election, that *no* constables shall be elected at the next election (MCL 168.358; MSA 6.1358).

*Rappleye, Wilkins & Arcaro,* for plaintiff.

*Reading & Etter,* for defendants.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 239, 249.

63 Am Jur 2d, Public Officers and Employees § 33.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Plaintiff appeals as of right from a July 28, 1980, order granting the defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1).

The individual defendants are five of the seven members of the Scio Township Board of Washtenaw County. On January 14, 1980, the Scio Township Board adopted a resolution terminating the office of township constable effective as of 1980. This resolution preceded the 1980 primary election by more than six months. Plaintiff, the then duly elected constable for Scio Township, filed nominating petitions to appear on the ballot for the office of constable in the primary election to be held on August 5, 1980.

On July 8, 1980, plaintiff filed a complaint for declaratory judgment seeking a declaration that the action of the defendants in their capacity as the Scio Township Board was invalid. Plaintiff obtained an order to show cause why a preliminary injunction should not issue, restraining defendants from eliminating the office of constable of Scio Township, pending a decision on plaintiff's complaint. Defendants filed a motion for summary judgment.

At a hearing held on July 17, 1980, the trial court granted defendants' motion for summary judgment and dismissed plaintiff's complaint with prejudice. The circuit judge also ordered the Scio Township clerk to take the necessary steps to place plaintiff's name on the August primary ballot on condition that plaintiff post a bond in the amount of $1,500. The court's order also required the plaintiff within 30 days to request immediate consideration by the Court of Appeals. In accordance with the court's order, the Scio Township clerk certified plaintiff's election petition. The un-

certified result of the primary election for the office of constable was 446 votes for plaintiff with no other person receiving any votes.

On appeal, plaintiff raises this issue: Is a township board authorized by statute to determine that the township shall elect no constable?

The Michigan Constitution does not include constables among the township officers required to be elected. Const 1963, art 7, § 18.

Legislation regarding township elections in Michigan was first enacted in 1954 PA 116; MCL 168.1 *et seq.;* MSA 6.1001 *et seq.* Pursuant to § 341 of that act, "[e]lective township offices shall consist of a supervisor, township clerk, township treasurer, not to exceed 2 justices of the peace, not to exceed 4 constables, 1 commissioner of highways and 2 members of the board of review * * *, and not to exceed 4 trustees". MCL 168.341; MSA 6.1341. In § 358, the Legislature dictated the timing of township elections, and further stated that:

"At each such election there shall be elected by ballot the following township officers: A supervisor, 2 trustees, a township clerk, a treasurer, 1 justice of the peace, a commissioner of highways, not to exceed 4 constables, and a member of the board of review."

By 1958 PA 192, § 358 was substantially amended, but the only changes pertinent to this case provided that:

"At each such election there shall be elected by ballot the following township officers: A supervisor, a clerk, a treasurer, 1 trustee, 1 justice of the peace, 1 member of the board of review, *at least 1 but not to exceed 4 constables,* and a commissioner of highways. The order of offices on township ballots shall be the same as the officers are here listed. The number of constables to be elected shall be determined by the township board at

least 6 months prior to the township election." (Emphasis supplied.)

Section 341 was not affected by 1958 PA 192.

In 1966, both §§ 341 and 358 were again amended. 1966 PA 44, §§ 341 and 358. Section 341 was shortened, but still provided that "[e]lective township offices shall consist of * * * not to exceed 4 constables". Similarly, § 358 still stated that "at least 1 but not to exceed 4 constables" should be elected at each township election. The number of constables to be elected could still be determined by the township board not less than six months before the township election but, "[i]f no determination as to the number of constables to be elected is made by the township board, 2 constables shall be elected". 1967 PA 215, § 358.

Until 1978, the requirement of at least one constable was retained in § 358. In 1978, however, that section was amended such that the "at least 1" language was deleted, and the sole requirement was that "not more than 4 constables" should be elected. 1978 PA 5, § 358.

Section 341 was not affected by 1978 PA 5, but, by 1980 PA 112, both §§ 341 and 358 were again amended. Section 341 now reads in full as follows:

"Elective township offices shall consist of a supervisor, township clerk, township treasurer, not to exceed 4 constables, and not to exceed 4 trustees. Elective township officers may include library directors and park commission members."

Section 358 provided in pertinent part that:

"(1) * * * At the 1980 general election there shall be elected by ballot the following township officers: A supervisor; a clerk; a treasurer; 2 trustees; not more

than 4 constables; and, if authorized by law and after a township takes the actions provided in section 11 of Act No. 164 of the Public Acts of 1877, as amended, being section 397.211 of the Michigan Compiled Laws, 6 free public library directors; and, after a township takes the actions provided in section 1 of Act No. 271 of the Public Acts of 1931, as amended, being section 41.441 of the Michigan Compiled Laws, 6 part commission members. The order of offices on the township portion of the ballots shall be the same as the officers are here listed.

"(2) The number of constables to be elected shall be determined by the township board not less than 6 months before the township primary election preceding the general election at which the constables are to be elected. If a determination as to the number of constables to be elected is not made by the township board, 2 constables shall be elected."

Plaintiff's claim of error is primarily based on the effect of 1980 PA 112 on §§ 341 and 358. Emphasizing the § 341 now states that "not to exceed four constables" *shall* be elected, while the library directors and park commission members "may" be included as elective township officers, plaintiff asserts that there are now two classes of elective township officers—mandatory and discretionary—and that constables are mandatory.

Plaintiff's argument on appeal is not persuasive for several reasons. First, § 341 of the election act has always stated that "not to exceed" or "not more than" four constables shall be elected as township officers. Section 358 was the section which the Legislature used when it changed the minimum number of constables required in each township. 1954 PA 116, § 358, required the election of "not to exceed 4 constables". 1958 PA 192, § 358, qualified this mandate by requiring "at least 1 but not to exceed 4 constables". 1966 PA 44, § 358, continued the minimum and maximum re-

quirements, as did 1967 PA 215, § 358, but, in 1978 PA 5, § 358, the minimum number was deleted.

The history of the township election laws reveals that § 358 has traditionally been used to reflect the Legislature's determination of the minimum number of constables to be elected. Language which clearly required at least one constable was added to that section in 1958 and removed 20 years later. According proper regard to these historical developments,[1] we are persuaded that, if the Legislature intended 1980 PA 112 to reinstate the requirement that at least one constable be elected, it would have done so in express language which would admit of no other interpretation. It did not do so, and we cannot presume to impose such an interpretation on the statutes as they now read.

It is not to be disputed that § 341 now states that library directors and park commission members *may* be elected while not more than four constables *shall* be elected. However, the remainder of 1980 PA 112 reveals that the bulk of the amendatory language concerns the addition of library directors and park commission members as elected township officers. Consequently, the focus of 1980 PA 112, § 341, appears to be on such officials rather than on the constables. In any event, since 1980 PA 112 did not alter the first sentence in § 341, such should be given the same construction it received before the amendment embodied in the 1980 legislation. *Kizer v Living-*

---

[1] In *People v Johnson,* 270 Mich 622, 623-624; 259 NW 343 (1935), the Supreme Court noted as follows:

"In construing the present statute regard must be had for the law as it was, for the effect and purpose of the amendments changing it, and all provisions must be given effect and reconciled with each other if possible. Amendments dominate and modify the former law, in case of conflict."

*ston County Board of Comm'rs,* 38 Mich App 239, 255; 195 NW2d 884 (1972).

The defendants and the trial court relied in great measure on an informal opinion letter of the Michigan Attorney General, dated April 21, 1980,[2] which concluded as follows with regard to the issue now before us:

"It is my opinion, therefore, that a township board may determine, at least six months prior to the township election, that no constables shall be elected at the next township election."

While the Attorney General's letter is not a formal published opinion to which reference may be made by the public, we here note our agreement with the reasoning set forth therein. This letter was written before 1980 PA 112 was enacted, and thus it clearly reflects the manner in which §§ 341 and 358 would have been interpreted before each section was amended by the 1980 legislation. The letter states in pertinent part as follows:

"The only substantive change made by the Legislature in this statute, in the context of your question, was the deletion of the language 'at least one,' from the first paragraph of 1954 PA 116, § 358, *supra,* * * *. The statute remains unchanged as to the maximum number (four) of constables allowed, and as to the number required (two) if no determination is made. Prior to the 1978 amendment, the township board was required to provide for a minimum of one constable, and could determine to have up to four constables in the township. When the Legislature deleted the requirement that there be *at least one* constable elected in the township, it intended to effect a change in the statute.

[2] The informal opinion letter was addressed to State Representative Michael J. Griffin and considered the following question: "Is a township board authorized by 1978 PA 5 to make a determination that the township shall elect no constables?"

*Strong v Daniels,* 3 Mich 466 (1855). The intent of the Legislature in making such a change was to empower the township board to determine that no constable be elected in the township at the next general election. Thus, the township board may determine that the township electors shall elect no constable, one constable, two constables, three constables or four constables at the next township election. If it does not make this determination not less than six months before the township election, the statute requires that two constables be elected at such election. Therefore, the provision for two constables, when no determination is made, would not be construed as a provision for a minimum of two. The township board is, therefore, authorized by 1978 PA 5 to determine that no constables, one constable, two constables (by express determination or refraining from determination), or a maximum of four constables be elected at the next general election in the township."

Affirmed, no costs, a public question being involved.